

1

### Presenter's Biography

**MATTHEW D. MONSON, ESQ.** hails from New Orleans, Louisiana. He has been practicing law for the past twenty-six years and is the founder of The Monson Law Firm. He graduated from Georgetown University with a double major in International Business and Accounting. While at Georgetown, he studied International Business in Copenhagen, Denmark. Matthew received his law degree from Tulane University Law School, where he studied European Union Law in Amsterdam.

Matthew is admitted to practice in Louisiana and Texas, where he focuses his practice on issuing coverage opinions, defending premises liability and first-party property damage claims. He has been a speaker at numerous events and is a Past President the New Orleans Claims Association and Louisiana Claims Association. He is also a founding member of The North Shore Claims Association. Matthew and his wife, Katherine, are proud parents of Andrew, 22, and Jessica, 19.

2



## Session Materials, Evaluation & CE Information

**Session Materials/Session Survey**
To access the PPT, make sure you save this Workshop in "My Schedule".
Click on the saved session and scroll down to **About this session**, then click
on **Attachments.** Remember to also rate this session taking the **Survey.**

**CE Information Code**
If you are interested in receiving CE credit for this workshop,
CHECK IN by entering the unique code at least **10 minutes BEFORE
the session ends.**

3/18 - **D5H4Q3**

3



## Session Materials, Evaluation & CE Information

**Session Materials/Session Survey**
To access the PPT, make sure you save this Workshop in "My Schedule".
Click on the saved session and scroll down to **About this session**, then click
on **Attachments.** Remember to also rate this session taking the **Survey.**

**CE Information Code**
If you are interested in receiving CE credit for this workshop,
CHECK IN by entering the unique code at least **10 minutes BEFORE
the session ends.**

## 3/19 - QEWF3G

# Overview

- Louisiana 2020-2021 Hurricane Seasons
- McClenny Moseley's Arrival
- Velawcity Scheme
- Apex Roofing Scheme
- Court Actions and Punishment

5



6

# Hurricane Laura

- Landed near peak intensity at 1:00 a.m. on August 27, 2020 at Cameron, Louisiana
- 10-foot-high plus storm surge
- Caused 33 deaths in Louisiana.
- Estimated to have caused damage totaling $20 Billion
- More than 910,000 customers lost power
- Gusts of 137 mph 30 miles inland
- Destroyed the doppler radar in Lake Charles

7

# **Hurricane Delta**

- Landed near peak intensity at 6:00 p.m. on October 9, 2020 near Creole, Louisiana
  - 43 days after Hurricane Laura
- 5-foot-high storm surge
- Caused 6 deaths
- More than 17 inches of rain
- Estimated to have caused damage totaling over $3 Billion
- More than 600,000 customers lost power

8

# Hurricane Zeta

- Landed near peak intensity at 4:00 p.m. on October 28, 2020 near Cocodrie, Louisiana
  - 19 days after Hurricane Delta
- 10-foot-high storm surge
- Caused 8 deaths
- Category 3 storm – Up to 115 mph winds
- Estimated to have caused damage totaling over $4.4 Billion
- More than 2.3 million customers lost power from LA to VA
- Latest landfalling major hurricane
- Produced accumulated snow in New England

9

# Hurricane Ida

- Landed near peak intensity with 150 mph sustained winds on August 29, 2020 at Port Fouchon, Louisiana
- Second most powerful Hurricane to ever hit Louisiana
- Laura and Ida marked the first time any state has seen two 150 mph hurricane landfalls in consecutive years.
- In its final day over water, Ida gained 65 mph
- Estimated to have caused damage totaling $95 Billion
- Tornados touched down in 6 states
- Gust of 172 mph Port Fouchon

10



11



12

12

# MMA's ARRIVAL

- MMA did not have an office in Louisiana prior to October 26, 2020
- Registered their office in Louisiana on St. Charles Avenue in New Orleans
- By November 16, 2021, MMA had hired three Louisiana lawyers:
  - William Huye
  - Claude Reynaud
  - Cameron Snowden
- On June 2, 2022, they appointed William Huye as their Registered Agent

13





## MMA's ARRIVAL

- By June 2022, MMA had filed many more LOR's than all other law firms combined
- Many people were reporting that they did not know that MMA was representing them
- More insureds indicated that MMA did not represent them
- MMA lawyers were not responsive
- MMA did not respond to demands for appraisal
  - Four months with no response
- In the meantime, William Huye was telling all defense law firms and insurance carriers that MMA just wanted to settle claims

16

16

THE COURT:  I agree with you.  I'll tell you the other problem I have with it.  When I hear that 30 hurricane cases are settled in a day like that you know what I think of, I think of collusion, because to me it's collusion.  The insurance company is looking at it like, hey, we can get rid of a bunch of cases.  They've talked to y'all.  Let's get rid of a bunch of cases, and you're going to settle a bunch.  And to me it's collusion.  And who is the victim of that, the client.  And if I find that there's collusion -- well, there's not going to be any in my court because I'm putting an end to all this mass settlement stuff.  It ain't going to happen anymore.  Like I said, y'all can go do that in another court, another district.  I don't control that.  But here you're not going to do it, not going to happen.

17

**From:**           | Partner

**Sent:** Thursday, June 2, 2022 4:41 PM
**To:**
**Subject:** McClenny Moseley & Associates - Ida Litigation

Hi

Following up on my voicemail today. McClenny Moseley, the largest volume plaintiff firm for Ida claims, reached out to me with 149 Allied Trust claims they are looking to try to resolve in a pre-litigation settlement conference.                and I did this for                          for Hurricane Ida, and it significantly cut down on the insurer's legal spend otherwise required in extended litigation. Obviously, some claims have major causation or even fraud issues that don't warrant a settlement conference, but most are worth trying to resolve early.

Feel free to call me to discuss.

18

# First attack on MMA

- In late June 2022, we decided with our client to file a number of lawsuits to compel appraisal
- Several of these lawsuits were never answered by MMA
- Steven Ripoll stated to the court as follows in a Judgment signed by the court on December 15, 2022:

  - Thereafter, in May 2022, McClenny Moseley & Associates sent a demand letter to Allied Trust on his behalf.
  - To his knowledge, he was never a client of McClenny Moseley & Associates, nor did he authorize them to send a demand letter to Allied Trust on his behalf.
  - The demand letter contained an estimate prepared by Disaster Solutions, which estimated the damages to be $119,777.84.
  - He disagrees with the amount of this estimate, in that it exceeds the damages to his home.

19

# First attack on MMA – Steven Ripoll

- To his knowledge, he never signed any contract with McClenny Moseley & Associates regarding this claim.
- To his knowledge, he has never directly communicated with any attorney affiliated with McClenny Moseley & Associates about this claim or any other matter.
- He attempted to call contact McClenny Moseley & Associates several times following the submission of their demand to get them to withdraw it. However, he could never contact them and was only able to leave voicemails and/or speak with a secretary or operator.
- Through this complaint he learned for the first time that McClenny Moseley had made a demand to Allied Trust on his behalf.
- He now wishes to dismiss all claims he has against Allied Trust for damages to his residence due to Hurricane Ida.

20







# VELAWCITY SCHEME



24

# VELAWCITY SCHEME



11/11/22, 12:08 PM                              Reminder: Thank You for Signing Your Storm Damage Claim Legal Documents

From: "noreply (at mma-pllc.net) via" <mail@signnow.com>
To: kathyusa@charter.net
Cc:
Bcc:
Priority: Normal
Date: Friday August 19 2022 5:40:27PM
Reminder: Thank You for Signing Your Storm Damage Claim Legal Documents

**Open Document**

Hello,

Thank you for trusting McClenny, Moseley & Associates with your Storm Damage legal claim. Please click the button below to sign the legal documents necessary to complete this step.

As soon as this step is complete, the signed documents will be sent to our law firm so we can begin working on your case immediately.

Thank you - McClenny, Moseley & Associates
This invite will expire in 112 day(s).

Use signNow on iOS, Android, and the Web.

25



**Intake Services**

Velawcity, in consultation with Law Firm, will use specific intake scripts and survey questions for each Legal Claim, based upon the intake criteria required by Law Firm. The intake pre-screening administrative services provided by Velawcity will be pursuant to the Law Firm's supervision and direction. Inquiries that do not meet Law Firm's prescreening intake criteria for a specific Legal Claim may be declined on behalf of Law Firm by Velawcity. Legal Claim specific intake criteria may include, for example, parameters regarding proof of injury, proof of use, and usage dates.

Upon Velawcity's pre-screening intake review of a potential client's eligibility, Velawcity will transmit to Law Firm, with potential client's consent, the potential client's contact information, fee agreement and HIPAA release either by direct posting through established secure connection with Law Firm system or email. Direct posting is HIPAA compliant and recommended by Velawcity. Law Firm agrees to indemnify Velawcity from any and all liability associated with email delivery. Again, Velawcity is an agent of Law Firm for purposes of the intake prescreening of potential clients but cannot enter into fee agreements with potential clients.

Law Firm shall, in accordance with the rules of Professional Conduct applicable to the venue for that specific Legal Claim, enter into the attorney/client fee agreement directly with the clients that Law Firm elects to represent, after Law Firm checks for conflicts of interest and consults with the prospective clients. Velawcity may, at Law Firm's request, provide prescreened potential clients with Law Firm's fee agreement but no attorney-client relationship is formed until Law Firm agrees to represent the potential client.

27

27

**Fees**

Law Firm agrees to pre-pay Velawcity a Fixed Rate of $3,500.00 for each prescreened potential client reviewed for Law Firm and delivered to Law Firm. Velawcity only accepts Automated Clearing House (ACH) or Direct Wire Transfer payment methods. Velawcity will not begin marketing or administrative services until money has been received.

**Order Summary**

| | |
|---|---|
| Agreement Number: | VL-MSA-202207-2650 |
| Law Firm: | McClenny Moseley & Associates |
| Legal Claim: | Storm Damage |
| DMAs: | Nationwide |
| Total Prescreened Clients: | 1,000 |
| Base Rate Client Cost: $ | 3,500.00 |
| Total Balance Due: $ | 3,500,000.00 |

28

28



## Intake Survey

| | |
|---|---|
| Claim: | Storm Damage |
| Date: | 6/30/2022 |
| Campaign: | MMAP - Krause and Kinsman (Storm Damage) R3 |
| Velawcity ID: | a025G00000q0AXrQAM |

### Claimant Information

| | |
|---|---|
| Full Name | Bobby Dyer |
| Email | mr.bobby.dyer@gmail.com |
| First Name | Bobby |
| Last Name | Dyer |
| Phone | 3182942506 |
| Alternate Phone | 0000000000 |
| Address | 1702 E Texas Street Apartment 212 |
| City | Bossier City |
| State | LA |
| Zip | 71111 |
| Date of Birth | 02/16/1953 |
| Emergency Name | Jennifer Weeber |
| Emergency Phone | 9034057228 |
| Emergency Email | N/A |
| Spouse First Name | Wilma |
| Spouse Last Name | Dyer |
| Spouse Phone | |
| Reference Code | MMAP |

Page 1

29

| | |
|---|---|
| Reference Code Company Name | MMAP |
| Pre Lit Val | 33 |
| Post Lit Val | 40 |

## Claim Information

| | |
|---|---|
| Property Loss Address | 1715 Malcolm Street |
| Property Loss City | Shreveport |
| Property Loss State | LA |
| Property Loss Zip | 71108 |
| Related Hurricane | Hurricane Ida |
| Loss Date | 08/29/2021 |
| Damage | Yes |
| Insurance Provider | Allied Trust Insurance Company |
| Policy Number | N/A |
| Agent Notes | Claimant states he does not know his emergency contacts email address. Claimant states that he get a call from the person bringing the documents to schedule an appointment. Claimant Technical Difficulties. |
| Causation Knowledge | N/A |

Page 2

30



31

31



(346) 245-6143
Suspected Spam

⋮

Call as
(985) 612-7557

↙ Incoming call   13 min 28 sec
Thu, Jan 26, 2023, 8:47 AM

Enter a name or number

⊘ Help block spam by confirming this call is spam

Not spam

Confirm spam

| | | |
|---|---|---|
| 1 | 2<br>A B C | 3<br>D E F |
| 4<br>G H I | 5<br>J K L | 6<br>M N O |
| 7<br>P Q R S | 8<br>T U V | 9<br>W X Y Z |
| * | 0 | # |

33

Hurricane / Storm Litigation - Agreement Attached

From: Hurricane-Ida-Velawcity-MMA@slplegal.com
To: mdmonson@charter.net
Cc:
Bcc:
Priority: Normal
Date: Thursday January 26 2023 7:55:26AM
Hurricane / Storm Litigation - Agreement Attached

Thank you for your interest in the Hurricane / Storm Litigation. This email has been sent by the Intake Team Member you are speaking with. Please take a moment to review your agreement while you are on the call with us so we can answer any questions and get started on your case.

Please click on the link below to sign your agreement. Once it is completed you will receive a welcome email with more information. Questions? (409) 683-9069 or Hurricane-Ida-Velawcity-MMA@slplegal.com.

https://useclientconnect.com/GoSignCover.aspx?uid=4567847&e=1&T=1&eid=323435353039323630313233

Sincerely,
Intake Department
Strategic Litigation Partners, LP
21324 Provincial Blvd.
Katy, Texas 77450

34



**THIS AGREEMENT IS SUBJECT TO BINDING ARBITRATION**
**PROPERTY DAMAGE CLAIMS | ATTORNEY EMPLOYMENT CONTRACT**

**(IF THERE IS NO MONETARY RECOVERY MADE FOR THE CLIENT, THEN ATTORNEYS FEES ARE WAIVED)**

1. **Parties to this Contract.** The undersigned clients (the "Client") hires MCCLENNY MOSELEY & ASSOCIATES, PLLC and Co-Counsel[1] (collectively "Attorneys") as Client's attorneys for legal representation as described below.

2. **Scope and Purpose of Legal Representation.** Client hires Attorneys to solely represent Client's for any and all insurance policies providing coverage for the following address and date of loss:

Loss Address Represented: _____

Date of Loss Represented: _____

**Client agrees and understands that Attorneys do not represent Client for any flood loss whether involving an insurance claim or otherwise.**

3. **Attorneys' Contingent Fee Arrangement.** No fees will be charged on any insurance payments made prior to the date of this contract. After execution of this agreement but prior to either a pre-suit mediation or filing of a lawsuit, Client agrees to pay Attorney **33.33% of the total sums collected** plus reasonable expenses. Attorneys may use their own discretion to schedule a pre-suit mediation at any time and without consulting client. Attorneys are authorized to file suit if and when necessary. If either a pre-suit mediation is conducted or a lawsuit is filed after Client's consent, then Client agrees to pay Attorneys **40% of the total sum collected plus reasonable expenses.** Attorneys may associate with other Attorneys without the Client's advance consent, but this will not increase the total Attorney fee owed by the client. **If there is no recovery, Client owes no Attorneys' Fees.** If there is a recovery, the Attorneys' contingent fee will first be deducted from the gross recovery, then all applicable expenses and court costs shall be deducted from the remaining amount, and the balance of the net recovery shall then be paid to the Clients. Attorneys must have Client's approval of any settlement—and if the case is successful, Client will receive a disbursement statement (internally called a "Breakdown") that describes the calculation of fees, costs, and itemized expenses, as well as the net recovery paid to the Client.

4. **Costs and Other Expenses.** Client will not pay any up-front expenses. Attorneys agree to advance all reasonable expenses associated with the Client's case but will be reimbursed from any recovery. Client agrees that Attorneys will be repaid all reasonable court costs and expenses incurred by Attorneys in the handling of the Client's case, including but not limited to, court costs, filing fees, depositions, expert witnesses, reports, and/or testimony time, consultant fees, fax transmissions or receptions, messengers, court reporter fees, service of citations, investigative fees and expenses, court mandated expenditures, costs associated with collecting judgments, any expenses of a structured settlement, witness fees, mileage, air travel, subpoenas, record service fees, preparation of exhibits and photographs, copying, postage, research, document management, calls, and transportation and/or lodging expenses and parking.

Client understands that it may be necessary for Attorneys to obtain financing to pay for the expenses and litigation of his/her case. Client hereby authorizes Attorneys to obtain such financing for his/her case at the Attorneys' sole discretion. Client further understands that the interest on any such financing shall be an expense of the case. Client agrees to pay the monthly interest from such financing at the rate borrowed by Attorneys at the conclusion of the case. However, such interest shall not exceed a maximum of 8.5% per year. Attorneys will use best efforts to minimize expenses because the less money Attorneys risk on losing if there is a low or no recovery. If there is no recovery, Client owes no Case Expenses provided that Client has made no misrepresentations of a material fact.

[1] Co-Counsel includes Krause and Kinsman Trial Lawyers, LLP. Client consents to Counsel's joint representation of client and Counsel's fees baring agreement per which each will receive the following share of Counsel's Fees and Costs payable by Client per this agreement: 75% to MCCLENNY MOSELEY & ASSOCIATES, PLLC and 25% to Krause and Kinsman Trial Lawyers, LLP.

MCCLENNY | MOSELEY & ASSOCIATES

- 1 -

MMAP - 0622

36

# APEX SCHEME

- At the same time MMA was working closely with Apex Roofing & Restoration

- Apex did not register as a business in Louisiana until September 14, 2021

- Apex was a known Florida Assignment of Benefits roofing company
  - Filed Hundreds of Lawsuits

- Tried to apply the same AOB approach in Louisiana

37



## Work Order

*This work order is authorized only when coverage through an insurance claim is approved:*

### Roofing Scope of Work

☐ Provide waste receptacle for roofing materials and haul away Apex jobsite debris
☐ ***Waste receptacle is only for roofing project
☑ Remove 1 layer of Shingles and existing roofing system to deck
☐ Replace any decking preventing shingles from being properly installed per Apex determination (plywood to be invoiced to claim@ $80 per sheet installed)
☐ Install new synthetic felt water barrier to roof deck
☐ Valley: Install new Ice & water shield membrane to valleys
☐ Install new pipe boots to PVC penetrations
☑ Replace existing Ventilation (client responsible to contact and retain licensed electrician to connect power to electric power ventilators) Install new Lifetime Architectural Shingles including starter strip, hip, and ridge trim shingle, and etc.

The pricing for removal and installation of the above is $7.50 per sq. ft. installed (further detail in terms below)

*Items not included in price per sq. ft. will be invoiced to claim as follows:*

☐ Tarping: $3.50 per sq. ft. with minimum charge of $750 for service call, processing, administrative costs, and etc.
☐ Masonry attached chimney flashing: $850.00 (siding removal and replacement will be submitted by work performed)
☐ Flashing: $22.50 per ln. ft.
☐ Drip edge $7.25 per ln. ft.
☐ Ridge ventilation system: $18.50 per ft
☐ Removal and disposal per additional layer of shingles is $1.00 per sq. ft.
☐ Bid item: additional unforeseen necessary items installed

### Final Invoicing and Terms:
Final invoice will be billed at $7.50 per sq. ft. installed plus any additional items listed above as listed with accurate measurements. All work completed will be photo-documented for accuracy and record keeping. **Initial here:**

### Calculation:
Contract Amount/Final Invoice is calculated by verifying total installed sq. ft. of roofing materials by using **Eagleview Aerial measurement technology or similar** verifiable measurement tool. This measurement tool identifies the squarefootage of the existing roof. Apex will use the existing square footage measurement plus an industry standard 15% waste factor to account for cut waste, starter and trim shingles, components, and etc. **Initial here:**

### Scheduling and Material Delivery:
Apex will schedule material delivery and build when the insurance carrier notices Apex that payments for the claim are in transit from claim file for processing. Apex will perform work and submit final invoice and completion packet to carrier to ensure work is paid in full by carrier.

APEX Roofing & Restoration • 1 Galleria Blvd., Suite 1900 • Metairie, LA 70001 • License: 72718

**Name:** Michael & Holly (Compton)
**Address:** 2654 Mesa Ct
**City:** Akatirville
**State:** LA  **ZIP:** 70448
**Phone 1:** 985-960-6357
**Phone 2:**
**Email:** MKC6419536@gmail.com

### IMPORTANT INFORMATION:

*Due to national material shortages and pending global supply chain issues,* clients will select the color of a lifetime architectural shingle that can be procured for installation to your home.

**Once Apex receives notice that your insurance claims is approved and payment is being made by your carrier:**

Apex will deliver shingles and roofing materials from available manufacturer for immediate installation.
(TAMKO)

Colors: (check one)
☐ Weathered Wood /Age
☐ Wood Thunderstorm Gray
☐ Charcoal/Rustic Black
☐ Rustic Slate

Client out of pocket cost limited to deductible unless structural repairs are needed that are not covered in the policy or additional

**Deductible**
$ 1000

/Customer Signature                Date

APEX Signature          03/15/22   Date

38

**APEX ROOFING AND RESTORATION, LLC**
106 Park Place
Suite 213
Covington, LA 70433
Phone: (844) 921-2009
Fax: (205) 685-0049
info@apexroofs.com
www.apexroofs.com

## ASSIGNMENT OF BENEFITS

Property Owner Name(s): _____

Property Address: _____

City: _____ State: ____ Zip: _____

Property Owner Phone Number: _____ Cell: _____

Email: _____

Insurer: _____ Policy Number: _____

Approx. Date of Loss: _____ Claim Number: _____

I.      **Acknowledgement.** The property owner(s) set forth above (collectively, "Property Owner"), hereby acknowledge and agree that: (i) Property Owner is the owner of the property described above (the "Property"); (ii) Property Owner has entered into an agreement (the "Contract") with Apex Roofing and Restoration, LLC ("Company") which sets forth the labor, materials and services that Company shall provide to Property Owner for the replacement or repair of the Property (the "Work"); and (iii) the insurer listed above ("Insurer") may require that Property Owner execute this Assignment of Benefits (this "Assignment") for the purpose of authorizing Company to discuss the scope of Work to be performed at the Property and/or to allow Insurer to pay Company directly for the Work.

II.      **Assignment.** In furtherance of the foregoing and to the extent permitted by law, Property Owner hereby assigns, conveys and transfers to Company all of Property Owner's right, title, and interest in and to any and all rights, benefits, proceeds and causes of action under the insurance claim with Insurer set forth above with regard to the Work performed or to be performed by Company on the Property as set forth in the Contract (the "Claim"). This Assignment is delivered as partial consideration for Company to perform the Work on the Property pursuant to the terms of the Contract. Property Owner authorizes Insurer to release any and all information requested by Company or its representatives in connection with the Contract, the Work, and/or the Claim.

III.      **Direction to Pay.** Property Owner hereby authorizes Insurer to make payment of any benefits or proceeds for the Work under the Claim jointly to Property Owner and  Company. Property Owner acknowledges and agrees that Property Ownershall remain responsible for payment of any deductibles, depreciation, and additional Work not covered by the Claim.

IV.      **No Adjusting.** Property Owner acknowledges and agrees that Company is not a public adjuster as defined by Louisiana law, and that Company's communications with Insurer or its agents shall be limited to discussing or explaining the scope of the Work for the Property with Property Owner and Insurer. Legal counsel will be used in the event that any policy interpretations are necessary.

IN WITNESS WHEREOF, the Company and Property Owner hereby execute this Assignment of Benefits effective as of this ____ day of _____, 20__, in _____, Louisiana.

**COMPANY:**

By: _____
Name: _____
Title: _____

**PROPERTY OWNER:**

By: _____
Name: _____

39

# APEX SCHEME

- In 2017, many carriers added Anti-AOB language to their policies

**E.     Assignment**

Assignment of this policy will not be valid unless we give our written consent.

Post-loss assignment of rights, benefits or claims arising under this policy [are prohibited] [will not be valid unless we give our written consent].

- So now, Apex needed a way around this language – enter MMA

40

FROM: Claims, MMA  claims@mma-pllc.com
TO: Maison Insurance Company
CC: claims@mma-pllc.com
SENT: Monday, April 4, 2022 5:39:06 PM Eastern Daylight Time
SUBJECT: ◄External Email► Policy No. LH-0000516028-03; Claim No. HO0522399465; Caffarel, Michael

------------------------------------------------------------------

External Email: Use caution with LINKS and ATTACHMENTS.

## MCCLENNY MOSELEY & ASSOCIATES

a Professional Limited Liability Company

April 4, 2022

PLEASE ONLY SEND CORRESPONDENCE TO CLAIMS@MMA-PLLC.COM

*Via Email Only*

**ATTN: Claims Department**
Maison Insurance Company
14050 NW 14th St. Ste. 180
Sunrise, FL 33323

Re:    Our Client/Insured:    Michael Caffarel

- Claim Number: HO0522399465
- Policy Number: LH-0000516028-03
- Loss Address: 2854 Mesa Court, Mandeville, LA 70448
- Date of Loss: 10/27/2021

### LETTER OF REPRESENTATION AND FIRST NOTICE OF LOSS

Dear Claims Representative:

Please be advised that McClenny Moseley & Associates, PLLC has been retained by Michael Caffarel (hereafter, "Client") as legal counsel for their above referenced insurance claim. Effective immediately, please direct all communications to claims@mma-pllc.com.

If a storm damage claim has not been previously filed under the above reference policy for the specified property, please accept this first notice of loss of damage from the storm damage which occurred on or about 10/27/2021. This notice shall also serve as our Client's formal notice that our Client, through undersigned counsel, is making a claim for all coverages available under the Policy and request that you start their claim.

In addition to the above, this letter serves as a notice that McClenny Moseley & Associates' representation relates to any

and all claims made by our Client regarding their above referenced loss and property located at the address listed above. Accordingly, as it relates to our Client, the specified location and claim, or any other related property or claim for insurance proceeds, please conduct your communication under the conditions specified above, with payments made accordingly. This requires that McClenny Moseley & Associates, PLLC be listed as a payee on any payment or draft made from this point forward.

Further, we are requesting Maison Insurance Company immediately provide our firm with a full and accurate certified copy of our Client's insurance policy, as well as the most appropriate Maison Insurance Company adjuster/representative's name and their contact information (the individual that has authority to discuss the claim). We are also requesting **mitigation budgets to be released immediately.** A prompt response is required of the adjuster/representative assigned to this claim/request. The response should outline the amount to be released for mitigation, as well as a thorough explanation as to its determination.

In the event that Maison Insurance Company would like to inspect the specified property, we will accommodate this request in compliance with the Policy. In order to effectively schedule the inspection, we request the professional courtesy of 1 week advance notice and that the attached "Inspection Request Form" be filled out and returned to claims@mma-pllc.com. Thereafter, we will confirm the inspection date and time via email and the property will be made available for inspection at the agreed time. Please note, although the property will be made available for inspection, our Client will not be made available for questioning during the property inspection and any communication with our Client is strictly prohibited.

We are completing our investigation and will be sending you an Estimate Package. In the meantime, please provide the following:

(1)     An explanation of any and all coverage defenses that Maison Insurance Company is asserting. If Maison Insurance Company is not asserting any coverage defenses, please state so in writing.

(2)     An estimate of damages to the building under coverage A, additional structures under coverage B, and contents under coverage C, including but not limited to any drafts.

(3)     All photographs taken by Maison Insurance Company's representatives depicting the insured property and/or contents.

(4)     All adjuster notes or claim notes pertaining to this claim.

(5)     A complete copy of the underwriting file and a full copy of the claims file.

(6)     All correspondence exchanged between your representatives, Maison Insurance Company, and my client.

(7)     The date Maison Insurance Company acknowledged the claim and the record of acknowledgement.

(8)     The date Maison Insurance Company commenced the investigation of the claim and any request for information submitted to my client.

(9)     The date Maison Insurance Company accepted or rejected the claim, and the reasons for any rejection.

(10)     The date(s) Maison Insurance Company made payment on the claim.

(11)     If no payment has been made on the claim, please immediately tender all undisputed payments.

(12)     Any and all consultant reports (Adjuster, Engineer, etc., including drafts).

Your choice to withhold any requested documentation makes our analysis and recommendations to our Client more

42

difficult. The decision to withhold the information requested above may also be a violation of The Louisiana Policyholder's Bill of Rights. (LA Rev Stat § 22:41.) Any choice to withhold requested documents further delays our best chances at a speedy and amicable claim resolution and may lead to additional penalties under Louisiana RS 22: 1973. Thank you for your anticipated professional courtesies.

Please be advised that our Client continues to work diligently with undersigned counsel and their contractors, estimators, and other professionals to provide an Estimate Package for the storm-damaged property. However, you are prohibited from automatically denying covered losses in the event that the policyholder is unable to submit sufficient proof of loss within any time limits and/or requirements imposed under the policy. *See* LSA R.S. 22:1264(A).

Further, the amounts paid to our Client as of this date are woefully inadequate to complete the necessary repairs. Any time limitations to complete the repairs or to replace the damaged property that may be imposed under the policy must be disregarded until you release the remaining sums due to our Client under the above-referenced policy. *See* LSA R.S. 22:1264(B).

Accordingly, any time limitations or requirements that may be imposed under the subject policy relating to (i) the submission of a satisfactory proof of loss and/or (ii) any time period to complete the repairs or to replace the damaged property, should either be altogether disregarded and/or not commence unless and until the full amount of insurance proceeds due to our Client are released.

Our Client requests that you extend the professional courtesy of sending all correspondence, document production, etc. via email to claims@mma-pllc.com. **Our Client has a strong preference to correspond via email to ensure clear and timely responses.** To the extent that documentation cannot be sent via email (checks, original signed documents, etc.), please send the documentation to the following address:

**MCCLENNY MOSELEY & ASSOCIATES, PLLC**

**1415 Louisiana St. Suite 2900**

**Houston, TX 77002**

We look forward to working with you to help this storm damage victim, your Insured, to get their life back to normal. If you have any questions, please feel free to contact us via email at claims@mma-pllc.com or by phone at (713) 334-6121.

*This entire letter is a pertinent communication with respect to the resolution of this case. A prompt response is therefore expected, as defined within the provisions of the laws set forth by the State of Louisiana.*

Respectfully Submitted,

*/s/ R. William Huye III*
**R. WILLIAM HUYE III, Louisiana Managing Partner**
Louisiana Bar No. 38282
**JAMES M. MCCLENNY, Founding Partner**
**J. ZACHARY MOSELEY, Founding Partner**


**MCCLENNY MOSELEY & ASSOCIATES, PLLC**
**claims@mma-pllc.com**

43

**MAISON INSURANCE COMPANY**
CLAIM ACCOUNT
14050 NW 14TH STREET, SUITE 180

SUNRISE, FL 33323

Wells Fargo Bank, N.A.
420 Montgomery Street
San Francisco,CA 94104

**260238**
11-24
1210

| DATE | AMOUNT |
|------|--------|
| 04/18/2022 | $2,552.50 |

** VOID AFTER 180 DAYS **

PAY

** TWO THOUSAND FIVE HUNDRED FIFTY TWO AND 50/100 *          DOLLARS

HO0522399465

To
The
Order
Of

MICHAEL AND HOLLY CAFFAREL AND MCCLENNY MOSELEY &
ASSOCIATES AND JPMORGAN CHASE BANK, N.A. ISAOA/ATIMA

---

**MAISON INSURANCE COMPANY**
CLAIM ACCOUNT
14050 NW 14TH STREET, SUITE 180

SUNRISE, FL 33323

Wells Fargo Bank, N.A.
420 Montgomery Street
San Francisco,CA 94104

**260237**
11-24
1210

| DATE | AMOUNT |
|------|--------|
| 04/18/2022 | $21,415.52 |

** VOID AFTER 180 DAYS **

PAY

** TWENTY ONE THOUSAND FOUR HUNDRED FIFTEEN AND 52/100 *          DOLLARS

HO0522399465

To
The
Order
Of

MICHAEL AND HOLLY CAFFAREL AND MCCLENNY MOSELEY &
ASSOCIATES AND JPMORGAN CHASE BANK, N.A. ISAOA/ATIMA



**THE MONSON**
**LAW FIRM, LLC**

Matthew D. Monson
Admitted in Louisiana
Matthew@MonsonFirm.com

Please Respond to Louisiana Office

July 22, 2022
*Via Email, Facsimile, and Certified Mail*

Certified Mail No. 7021 1970 0001 1175 0671
Fax No. 713-322-5953
william@mma-pllc.com
claims@mma-pllc.com
Mr. R. William Huye, III
McClenny Moseley & Associates, PLLC
1820 St. Charles Ave., Ste. 110
New Orleans, LA 70130

Re:   Michael and Holly Caffarel
      2854 Mesa Ct., Mandeville, LA 70448
      DOL: October 27, 2021

Dear Mr. Huye:

We have been retained to represent Michael and Holly Caffarel ("the Caffarels") regarding their current claim for a hailstorm loss at 2854 Mesa Ct., Mandeville, LA 70448 on or about October 27, 2021. This claim was made under the insurance policy issued on behalf of Maison Insurance Company ("Maison"), Policy No. LH-0000526028-03 (the "Policy"). Please let this letter serve as notice, that moving forward your firm **does not represent** the Caffarels in any aspect or manner. This is an unequivocal revocation of any and all power of representation and/or authority you may have been previously granted to represent the Caffarels.

Given your termination by the Caffarels, we take this opportunity to remind you of your obligations under Louisiana Rule of Professional Conduct 1.16(d):

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance



July 28, 2022

**Jennifer P. Lorino**   7/28/22 9:47 AM
**IMPORTANT!**

William Huye with McClinney Mosely called for you and said that it is very important that you call him back, as he wants to discuss the Michael & Holly Caffarel matter. He said there are some possible ethics violations that he would like to speak with you about. His number is 504-962-8592.

46

## In the Matter of:

## Telephone Conversation between Matthew Monson, Esq. and William Huye, Esq.

---

## Telephone Conversation
### August 25, 2022

---


**CURREN COURT REPORTERS**

47

MR. MONSON:

Did your firm ever represent the Caffarels?

MR. HUYE:

No. We're representing their interest, pursuant to the AOB that they signed with Apex.

MR. MONSON:

Okay. But you either represent them or you don't, so I just need to know that.

MR. HUYE:

Yeah. Well, I thought I would -- and look -- look, Matt, I'm pretty easy to work with, and I'm definitely trying to reach out and be easy to work with, with you.

MR. MONSON:

Yeah.

MR. HUYE:

And so I believe that my answer was: No. We represent their interests, which they assigned to Apex Roofing.

MR. MONSON:

Okay. So you represent -- you represent Apex Roofing and not --

MR. HUYE:

We represent Apex Roofing.

MR. MONSON:

-- and not the Caffarels.

MR. HUYE:

Yes.

48

Maison Insurance Company

Homeowners
MIC HO AOB 04 18

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ASSIGNMENT OF BENEFITS ENDORSEMENT

Under **SECTION I AND II CONDITIONS, E. Assignment** is deleted and replaced in its entirety by the following:

**E.  Assignment**

Assignment of this policy will not be valid unless we give our written consent.

1.  We do not consent to, and we specifically prohibit, the assignment of the policy, or the assignment of any rights, interest, benefits and/or claims arising under the policy, at any time, whether such assignment is made prior to the occurrence of a loss, or after a loss.

2.  The pre-loss assignment of the policy, or of any of the rights, interest, benefits, and/or claims arising under the policy, is prohibited and invalid.

3.  The post-loss assignment of the policy, or of any of the rights, interest, benefits, and/or claims arising under the policy, is prohibited and invalid.

All other provisions of the policy apply.

49

**From:** William Huye
**To:** Matthew Monson
**Cc:** Donna Catania; Katy Ohlsson; Zach Moseley; MMA Claims; Jamie Maturin
**Subject:** RE: Michael and Holly Caffarel
**Date:** Tuesday, August 2, 2022 11:24:33 AM
**Attachments:** image002.png
image003.png

Mr. Monson,

I am surprised by your letter.

We were hired by APEX Roofing, the Caffarel's roofer, pursuant to an AOB.

I just left a message for you at your office, please call me to discuss further.

Thanks,

## R. William Huye III

*Louisiana Managing Partner*
William@mma-pllc.com
Direct: (504) 962-8592



1820 St. Charles Avenue, Suite 110
New Orleans, LA 70130
Principal Office: 713.334.6121
Fax: 713.322.5953
Toll-Free: 844.662.7552
www.mma-pllc.com

50

Contrary to the allegations in the complaint, the firm is not engaged in any illegal scheme or conspiracy with Apex Roofing. Moreover, the firm did not intend to mislead the insurance company or intend to provide inaccurate information to the insurance company as to the identity of the firm's client. Rather, the automated system incorrectly identified and listed the client as Michael Caffarel. Neither the lawyers nor staff at the firm noticed this error.

51



52

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**BOBBY DYER**  CIVIL DOCKET NO. 5:22-CV-04961

**VERSUS**  **JUDGE DAVID C. JOSEPH**

**ALLIED TRUST INSURANCE CO.**  **MAGISTRATE JUDGE KAYLA D. MCCLUSKY**

### ORDER

On December 21, 2022, this Court ordered that a Rule to Show Cause hearing [Doc. 11] be held on December 28, 2022, as to why monetary sanctions should not be imposed pursuant to the Court's inherent authority regarding: (i) Plaintiff's counsel's unexplained and unexcused failure to appear on December 21, 2022, for a hearing on Defendant's MOTION FOR LEAVE TO LIFT STAY [Doc. 8] as ordered by the Court via Electronic Minute Entry [Doc. 9]; and (ii) Defendant's allegations that Plaintiff's counsel failed to properly investigate its claims before filing suit as required by Rule 11(b) of the Federal Rules of Civil Procedure.

During the hearing, the Court engaged in dialogue with Plaintiff, Bobby Dyer, who was present in Court telephonically, as well as took evidence and heard oral argument from counsel. After reviewing memoranda of counsel [Docs. 10 and 12] and in accordance with applicable law, the Court found that Plaintiff's counsel failed to: (i) properly investigate this matter prior to filing suit; (ii) timely comply with the October 20, 2022, Order by Judge James D. Cain, Jr. to investigate the claims at issue [Doc. 6]; and (iii) appear at the initial hearing set by the Court on December 21, 2022.

Accordingly, for the reasons discussed on the record and finding good cause to award sanctions pursuant to the Court's inherent authority in the form of attorneys' fees incurred by the Defendant:

IT IS HEREBY ORDERED that within fourteen (14) days, the law firm of McClenny, Moseley, & Associates, PLLC shall pay attorneys' fees and costs in the amount of $15,914 in a check made payable jointly to The Monson Law Firm, LLC and Defendant, Allied Trust Insurance Company;

IT IS FURTHER ORDERED that the Stay issued by Judge Cain in this matter [Doc. 4] is lifted and the above-captioned matter is DISMISSED without prejudice.

THUS, DONE AND SIGNED in Chambers on this 17th day of January 2023.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

53



54

54



**Exhibit C**

1. Jesus Acosta v. Maison Insurance Company
2. Alfred Addison v. Allstate Vehicle and Property Insurance Company
3. Nadia Adolph v. Safepoint
4. Robert Aguilera v. USAA
5. Jamie Aguillard v. United Property and Casualty Insurance Company
6. Jamie Aguillard v. State Farm Fire and Casualty Company
7. Justin Albritton v. United Property and Casualty Insurance Company
8. Pamela Alexander v. Sagesure
9. Barry Alexander v. Liberty Mutual
10. Andy Alexander v. Shelter Mutual Insurance Company
11. Djuan Alexander v. State Farm Fire and Casualty Company
12. Shirley Alphonso v. Allstate Vehicle and Property Insurance Company
13. Damaria Anderson v. Gulf States Insurance Company
14. Wardell Antoine v. Liberty Mutual
15. Clarence Armand v. Allstate Vehicle and Property Insurance Company
16. Vivan Artus v. Allstate Vehicle and Property Insurance Company
17. Eltore Austin v. Nationwide Mutual Insurance Company
18. Paul Avegno v. State Farm Fire and Casualty Company
19. Scott Avera v. United Property and Casualty Insurance Company
20. Shawn Avery v. Centauri Insurance
21. Gwen Babin v. State Farm Fire and Casualty Company
22. Andrew Bagley v. Great American Insurance Company
23. William Baker v. State Farm Fire and Casualty Company
24. John Baker v. Occidental Fire and Casualty Company
25. James Baker v. Allied Trust Insurance Company
26. Ashley Balthazar v. Maison Insurance Company
27. Brittaney Banks v. Safepoint
28. Desiree Banks v. Allstate Vehicle and Property Insurance Company
29. Betty Barbre v. USAA
30. Chadwick Barfoot v. Occidental Fire and Casualty Company
31. Thor Barr v. Allstate Vehicle and Property Insurance Company
32. Joseph Barrois v. USAA
33. Quirida Bartholomew v. Allstate Vehicle and Property Insurance Company
34. Ryan Bascle v. Lighthouse Excalibur Insurance Company
35. Fred Basha v. ASI
36. Charles Baszile Sr. v. Allstate Vehicle and Property Insurance Company
37. Raymond Batiste v. Hartford
38. Greg Battistella v. State Farm Fire and Casualty Company
39. Walter Baudoin v. State Farm Fire and Casualty Company
40. Tommy Baum v. Louisiana Citizens Property Insurance Corporation
41. Pam Beacom v. MetLife
42. Brett Beaudean v. State Farm Fire and Casualty Company
43. Paul Beebe v. Geico
44. Justin Bell v. USAA
45. Debra Bell v. Sagesure

55

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| TRICIA RIGSBY FRANATOVICH | CIVIL ACTION |
| VERSUS | NUMBER: 22-2552 |
| | c/w   22-4927 |
| ALLIED TRUST INSURANCE COMPANY | SECTION: "I"(5) |

**ORDER AND REASONS**

I.     **INTRODUCTION**

When ego and greed become lawyers' guiding principles, we get cases like *Franatovich versus Allied Trust*. In these consolidated cases, the Court and the parties – indeed, our entire legal community – are confronted with an unprecedented tableau of misconduct by a Texas-based law firm, assisted in its misdeeds by an Alabama-based roofing contractor, and an Arizona-based, modern-day case runner.

We now know that the profound damage from Hurricane Ida – an historically destructive and life-altering event for many – was far from over when the storm finally drifted off the Atlantic Coast in September 2021. Thanks to out-of-state opportunists like the lawyers of McClenny, Moseley & Associates and their far-flung agents of chaos, the damage was only just beginning.

Since first appearing in this District less than a year ago, McClenny, Moseley & Associates, PLLC ("MMA") and its attorneys, in particular Zach Moseley ("Moseley") and R. William Huye, III ("Huye"), have engaged in a pattern of misconduct on a scale likely never before seen here. The record in these cases establishes that they have undertaken a brazen, multi-faceted campaign to enrich themselves with ill-gotten contingency fees paid to them by unwitting insurance companies ostensibly on behalf of named insureds that they and their firm did not represent.



**LOUISIANA DEPARTMENT OF INSURANCE**
JAMES J. DONELON
COMMISSIONER

**CEASE AND DESIST ORDER,**
**NOTICE OF WRONGFUL CONDUCT**
**AND**
**NOTICE OF INVESTIGATIVE PROCEEDINGS**

February 17, 2023

TO: McClenny Moseley & Associates, PLLC          Article#7022 2410 00026981 3159
1820 St. Charles Avenue Ste. 110
New Orleans, LA 70130

William Huye, III, Esq.                          Article #7022 2410 0002 6981 3166
McClenny Moseley & Associates, PLLC
1820 St. Charles Avenue Ste. 110
New Orleans, LA 70130

John Moseley, Esq.                               Article #7022 2410 0002 6981 3142
McClenny Moseley & Associates, PLLC
1415 Louisiana Street, Ste. 2900
Houston, Texas 77002

James McClenny                                   Article #7022 2410 0002 6981 3135
380 Ridge Lake Scenic Dr
Montgomery, TX 77316

Via Email: messages@mma-pllc.com
James@mma-pllc.com
Zach@mma-pllc.com
William@mma-pllc.com

WHEREAS, IT HAS COME TO MY ATTENTION, as Commissioner of Insurance (Commissioner) of the Louisiana Department of Insurance ("LDI" and/or "Department"), that McClenny Moseley & Associates, PLLC, William Huye III, John Moseley and James McClenny, as managing partners and/or members of McClenny Moseley & Associates, PLLC, have violated certain provisions of the Louisiana Insurance Code, Title 22, La. R.S. 22:1 et seq. Accordingly, pursuant to the power and authority vested in me as Commissioner, I issue this Cease and Desist Order, Notice of Wrongful Conduct and Notice of Investigative Proceedings based on the following, to wit:

**FINDINGS OF FACT**

1.

McClenny Moseley & Associates, PLLC, is a Texas domiciled professional limited liability company, and law firm which represents itself to specialize in insurance claims resulting from natural disasters.  McClenny Moseley & Associates, PLLC is registered with the Louisiana Secretary of State with its principal business establishment in Louisiana located at 1820 St. Charles Avenue, Suite 110, New Orleans, LA 70130. Its registered agent is William Huye, by

57

SUPREME COURT OF LOUISIANA

NO. 2023-B-0277

IN RE: RICHARD WILLIAM HUYE III

---

ORDER

---

Considering the Petition for Interim Suspension for Threat of Harm filed by the Office of Disciplinary Counsel, and the response thereto filed by respondent,

IT IS ORDERED that respondent, Richard William Huye III, Louisiana Bar Roll number 38282, be and he hereby is suspended from the practice of law on an interim basis pursuant to Supreme Court Rule XIX, § 19.2, pending further orders of this court. Pursuant to Supreme Court Rule XIX, § 26(E), this order is effective immediately.

IT IS FURTHER ORDERED that the Office of Disciplinary Counsel may seek the appointment of a trustee(s) to protect the interests of respondent's clients pursuant to the provisions of Supreme Court Rule XIX, § 27, if appropriate.

IT IS FURTHER ORDERED that within thirty days of the date of this order, respondent shall submit to the Office of Disciplinary Counsel an Excel spreadsheet (or comparable format) containing a complete listing of the full names, addresses, and contact information (including, if available, telephone number(s) and email addresses) of all clients of McClenny Moseley and Associates, PLLC in Louisiana associated with Hurricanes Laura, Delta, or Ida. Respondent shall also provide the spreadsheet to all judges in Louisiana, state and federal, who are handling the firm's hurricane litigation.

NEW ORLEANS, LOUISIANA, this 3rd day of March, 2023.

FOR THE COURT:

58

JUSTICE, SUPREME COURT OF LOUISIANA

58



# LOUISIANA ATTORNEY DISCIPLINARY BOARD

**OFFICE OF THE DISCIPLINARY COUNSEL**
4000 S. Sherwood Forest Blvd.
Suite 607
Baton Rouge, Louisiana 70816
(225) 293-3900 • 1-800-326-8022 • FAX (225) 293-3300

March 6, 2023

Matthew Monson
5 Sanctuary Blvd., Ste. 101
Mandeville, LA 70471

Re:    Richard William Huye, III
2023-B-0277

Dear Mr. Monson:

Enclosed please find a copy of the order of the Louisiana Supreme Court.  Mr. Huye has been transferred to interim suspension status.  The order became final on March 3, 2023.

Sincerely,

Paul E. Pendley
Deputy Disciplinary Counsel

PEP/ki
Enclosure

**UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF LOUISIANA**

**IN RE: McCLENNY MOSELEY & ASSOCIATES PLLC**

**MEMORANDUM ORDER**

The undersigned has been concerned about the misconduct of attorneys from McClenny Moseley & Associates, PLLC ("MMA") in relation to their representation of clients with claims arising from Hurricanes Laura, Delta, and Ida since the mass filing of several hundred cases by that firm beginning in August 2022. Review of the cases raised several issues, including duplicate filings, cases filed against insurers who had no policy in place with the plaintiff, and cases filed on behalf of plaintiffs who had already settled their hurricane claims with the insurer. MMA attorneys were given the opportunity to address the concerns through hearings held on October 20 and December 13, 2022, as well as *in camera* submissions.

The hearings and submissions did little to assuage these concerns and instead raised new issues relating to client communication, the way MMA had been retained, and handling of settlement proceeds. *See* Exhibt A (Transcript, Hearing 1) and Exhibit B (Transcript, Hearing 2). Specifically, at the first hearing, the court expressed concern about efforts by MMA to mass-settle hurricane claims. Exh. A, pp. 22–26. It also heard testimony from several MMA clients, none of whom appeared to have adequately communicated with their attorneys before suit was filed. *Id.* at 30–47. At the second hearing, the court heard from MMA client Betty Green, who filed suit against State Farm despite previously settling

60

"Sh*theads like Monson are trying to say "Oh No, it doesn't fall into this one loophole that's you know 10,000 loopholes down the road." So, Monson has a huge target on our back. When Monson first approached us about settling claims we weren't exactly the nicest to him. I think I might have made fun of his height. I'm not sure. Again, strategic backfire. Probably shouldn't have done that. But it is what it is and we'll move forward accordingly." (11:27)

61

Moseley admits that he is seeking to
continue to apply his marketing
strategy in multiple states,
including Florida, Texas and Colorado
(2:17, 7:10 and 13:36)

I was going to sign up 100,000
clients this year, easy." (36:46)

62

62

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO. _____                                        DIVISION " "

LOUIS CARTER, III, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED

**VERSUS**

MCCLENNY, MOSELEY & ASSOCIATES, PLLC; JAMES MCCLENNY; JOHN ZACHARY MOSELEY; H. WILLIAM HUYE; TORT NETWORK, LLC; and APEX ROOFING AND RESTORATION, LLC

FILED:_____        _____
                                          DEPUTY CLERK

PETITION FOR CLASS ACTION,
INJUNCTIVE RELIEF, AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Louis Carter, III, who brings this lawsuit, individually and as representative of all those similarly situated, and represents as follows:

**PARTIES**

1.

Plaintiff and Proposed Representative of the Plaintiff Class is:

A. Louis Carter, III is a person of the full age of majority domiciled in Tangipahoa Parish;

2.

The following parties are made Defendants:

A. McClenny Moseley & Associates, PLLC, a Texas Professional Limited Liability Company engaged in the practice of law, that is licensed to do and doing business in Louisiana, currently not in good standing with the Louisiana Secretary of State, with a principal business office in Houston, Texas and a registered office in Louisiana at 1820 St. Charles Ave., New Orleans, LA 70130 (referred to in this Complaint as "MMA");

2023 MAR 13 AM 10: 45   GARY STANGA CLERK OF COURT TANGIPAHOA PARISH, LA

63

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **KATHERINE MONSON, individually and on behalf of all others similarly situated** § § § | |
| **Plaintiff,** § § | |
| **v.** § § | **Civil Action No. 4:23-cv-00928** |
| **MCCLENNY, MOSELEY & ASSOCIATES; JAMES MCCLENNY; ZACH MOSELEY; TORT NETWORK, LLC; APEX ROOFING & RESTORATION, LLC** § § § § § § | |
| **Defendants.** § | |

**COMPLAINT FOR CLASS ACTION, INJUNCTIVE RELIEF, AND DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Katherine Monson,

who brings this lawsuit, individually and as representative of all those similarly situated, and

represents as follows:

**PARTIES**

1.

Named as Plaintiff in this Complaint is:

A.  Katherine Monson, a person of the full age of majority domiciled in and a citizen of

Covington, Louisiana;

2.

The following parties are made Defendants:

A.  McClenny Moseley & Associates, PLLC, a Texas Professional Limited Liability

Company engaged in the practice of law, with a principal business office in Houston,

Texas (referred to in this Complaint as "MMA");

64



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2023-2475

DIVISION " "        SECTION

APEX ROOFING AND RESTORATION, L.L.C.

VERSUS

RICHARD WILLIAM HUYE, III

FILED: _____        _____

DEPUTY CLERK

SECTION 6

## PETITION FOR DAMAGES FOR LEGAL MALPRACTICE

PETITIONER, Apex Roofing and Restoration, L.L.C., avers the following in support of its Petition for Damages:

### INTRODUCTION

Petitioner Apex Roofing and Restoration is one of the largest roofing companies in the Southeast. For years, Apex has enjoyed an excellent reputation and has helped tens of thousands of homeowners rapidly repair their roofs. Apex retained Richard William Huye, III ("Huye"), a Louisiana attorney, and the Texas firm of McClenny Moseley and Associates ("MMA") as its attorneys in or about January 2022 to determine if its roofing customers in Louisiana had insurance policies which would allow Apex, through its customers' direct assignment of their claims for roof damage to Apex, to quickly secure authority and payment from their respective insurance companies to repair or replace their roofs. Huye and MMA misled Apex to believe that most Louisiana homeowner policies were assignable. Having obtained an assignment in its favor to repair its customers' roofs, Huye and MMA were to have only represented Apex's interest.

Huye and MMA failed to perform the legal work required to determine whether Apex customers' policies were assignable. Rather than inform Apex of their failure to perform an analysis of whether Apex's customers' claims were assignable, or having realized but failed to inform Apex that its customers' claims were not assignable, Huye and MMA proceeded to issue letters of representation and/or make legal representations claiming that Huye and MMA represented not Apex but Apex's customers. In many cases, neither Apex or its customers were

Filing # 169416363 E-Filed 03/22/2023 05:50:30 PM

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

CASE NO.

JAMESON A. TOPPS,

      Plaintiff,

vs.

JAMES MARSHALL MCCLENNY
AND MCCLENNY MOSELEY &
ASSOCIATES, PLLC.,

      Defendants.

_____ /

## COMPLAINT

**COMES NOW**, the Plaintiff, through undersigned counsel, and sues the Defendants and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds Fifty Thousand Dollars $50,000.00, exclusive of costs and interest.

2. The motor vehicle accident involved in this lawsuit occurred in Lee County, Florida. As a result, Lee County is the appropriate and proper venue for this case.

3. At all times material hereto, Plaintiff was and is a resident of Lee County, Florida.

4. On or about October 13, 2022, the Plaintiff was a passenger in a vehicle that was stopped at a red light westbound in the inside left turn lane on College Parkway at South Point Boulevard. Defendant, JAMES MARSHALL MCCLENNY, was traveling eastbound on College Parkway in the outside lane approaching South Pointe Boulevard in Lee County, Florida.

66

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF MCCLENNY, MOSELEY & ASSOCIATES, PLLC | MISCELLANEOUS |
| | NO. 23-58-UNA |

### ORDER

The McClenny, Moseley & Associates, PLLC (MMA) firm is enrolled in numerous storm related cases pending in the Middle District of Louisiana. The Supreme Court of Louisiana has temporarily suspended one of the MMA attorneys from the practice of law for his conduct in connection with Louisiana hurricane claims. Additionally, the United States District Court for the Western District of Louisiana has suspended all MMA attorneys from practicing in the Western District. The United States District Court for the Eastern District of Louisiana has also issued an Order staying all pending Hurricane Ida Claims filed by MMA to further evaluate what the Eastern District described as the firm's "seriously concerning conduct."

Considering the significant issues regarding client representation pertaining to the law firm of McClenny Moseley & Associates, PLLC, (see R. Doc. 1 and R. Doc. 11 in 22-cv-1009), and to allow the Middle District of Louisiana to evaluate MMA's continued representation of plaintiffs in cases in this district,

**IT IS ORDERED** that all deadlines and conferences pending in the cases listed in Attachment A are **SUSPENDED** and the matters are **STAYED** for a period of 60 days until further orders of the Court. Nothing in this Order shall preclude the assigned judicial officers from holding any appropriate hearing or issuing orders pertaining to plaintiff representation in any of these pending matters.

**UNITED STATES DISTRICT COURT**

**FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN RE: HURRICANE IDA CLAIMS**

**ORDER STAYING CASES FILED BY MCCLENNY, MOSELEY & ASSOCIATES**

On March 1. 2023, Chief Magistrate Michael B. North issued a Recommendation to the District Court *en banc* that all Hurricane Ida cases filed by the law firm McClenny, Moseley & Associates ("MMA") be stayed pending his examination *in camera* of all retention and/or engagement and/or contingency fee contracts between MMA and the named insureds in each of the firm's 600+ Hurricane Ida cases currently pending in this District. Judge North's Recommendation is attached to this Order. That recommendation was largely based on Judge North's findings in *Franatovich v. Allied Trust Insurance Co.*, Civ. No. 22-cv-2552 c/w 22-cv-4927, that MMA had filed lawsuits on behalf of persons they did not and do not represent and that it had sent over 800 false letters of representation to insurance carriers claiming to represent named insureds when, in fact, it represented a roofing contractor.

After thorough consideration, the Court agrees that Judge North's findings as described in his recommendation create serious enough concerns to merit Judge North's *in camera* review of the aforementioned documents and that all of MMA's Hurricane Ida cases should be stayed to allow that review to take place.

68

4/21/2023 10:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 74920622
By: Gerardo Perez
Filed: 4/21/2023 10:23 PM

## 2023-25422 / Court: 270

CAUSE NO. _____

| | | |
|---|---|---|
| ACCESS RESTORATION SERVICES US, INC. | § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| McCLENNY MOSELEY & ASSOCIATES, PLLC and JOHN ZACHARY MOSELEY | § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, ACCESS RESTORATION SERVICES US, INC. ("Plaintiff"), and files this its Original Petition against Defendants, McCLENNY MOSELEY & ASSOCIATES, PLLC ("MMA") and JOHN ZACHARY MOSELEY ("Moseley"), and would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1.      Discovery is intended to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4.

### PARTIES

2.      Plaintiff, ACCESS RESTORATION SERVICES US, INC., is a Delaware corporation, registered with the Texas Secretary of State to conduct business in Texas, with its principal place of business located in Montgomery County, Texas.

3.      Defendant, McCLENNY MOSELEY & ASSOCIATES, PLLC, is a Texas limited liability company with its principal place of business located in Houston, Texas. Defendant may be served with process by serving its registered agent for service of process as follows:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

or by serving any member anywhere he may be found.

69

4/26/2023 7:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75063357
By: Rhonda Momon
Filed: 4/26/2023 7:28 PM

**2023-26243 / Court: 133**

CAUSE NO. _____

| | | |
|---|---|---|
| GLOBAL ESTIMATING SERVICES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| McCLENNY, MOSELEY | § | |
| & ASSOCIATES, PLLC | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, Plaintiff, GLOBAL ESTIMATING SERVICES, INC. ("Plaintiff"), and files this its Original Petition against Defendant, McCLENNY, MOSELEY & ASSOCIATES, PLLC ("Defendant"), and would respectfully show the Court as follows:

**DISCOVERY CONTROL PLAN**

1. Discovery is intended to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4.

**PARTIES**

2. Plaintiff, GLOBAL ESTIMATING SERVICES, INC., is a Delaware corporation, registered with the Texas Secretary of State to conduct business in Texas, with its principal place of business located in Montgomery County, Texas.

3. Defendant, McCLENNY, MOSELEY & ASSOCIATES, PLLC, is a Texas limited liability company with its principal place of business located at 516 Heights Blvd., Houston, Texas 77007 and/or 1415 Louisiana St. #2900, Houston, Texas 77002. Defendant may be served with process by serving its registered agent for service of process as follows:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

or by serving any member anywhere he may be found.

70



LOUISIANA DEPARTMENT OF INSURANCE
JAMES J. DONELON
COMMISSIONER

**CEASE AND DESIST ORDER
AND
NOTICE OF FINE**

May 1, 2023

TO:   McClenny Moseley & Associates, PLLC          Article # 9589 0710 5270 0160 8404 20
1820 St. Charles Avenue Ste. 110
New Orleans, LA 70130

McClenny Moseley & Associates, PLLC          Article # 9589 0710 5270 0160 8404 37
1415 Louisiana St. Ste. 2900
Houston, TX  77002
New Orleans, LA 70130

Via Email: messages@mma-pllc.com
James@mma-pllc.com
Zach@mma-pllc.com

WHEREAS, IT HAS COME TO MY ATTENTION, as Commissioner of Insurance (Commissioner) of the Louisiana Department of Insurance ("LDI" and/or "Department"), that McClenny Moseley & Associates, PLLC, William Huye III, John Moseley and James McClenny, as managing partners and/or members of McClenny Moseley & Associates, PLLC, have violated certain provisions of the Louisiana Insurance Code, Title 22, La. R.S. 22:1 et seq. Accordingly, pursuant to the power and authority vested in me as Commissioner, I issue this Cease-and-Desist Order and Notice of Fine based on the following, to wit:

**FINDINGS OF FACT**

1.

McClenny Moseley & Associates, PLLC, is a Texas domiciled professional limited liability company, and law firm.  McClenny Moseley & Associates, PLLC registered with the Louisiana Secretary of State on October 26, 2020, with its registered office in Louisiana located at 1820 St. Charles Avenue, Suite 110, New Orleans, LA 70130. Its registered agent is William Huye, by appointment dated June 2, 2022, and officers include managing members James McClenny and John Moseley. The business registration for McClenny Mosely & Associates, PLLC was revoked on March 15, 2023, by the Louisiana Secretary of State. According to LDI records, McClenny Moseley & Associates, PLLC is not licensed to participate in the business of insurance in any way that a license issued by the LDI is required.

2.

Apex Roofing and Restoration L.L.C. (hereinafter referred to as "APEX") is an Alabama domiciled limited liability company, and Louisiana licensed contractor, representing and marketing

McClenny, Moseley & Associates, PLLC
Cease and Desist Order &
Notice of Fine
May 1, 2023
Page **12** of **14**

18.

**YOUR ACTION**

Please remit your **$500,000.00** fine payment and a copy of this notice to:

Louisiana Department of Insurance
Attention:  Accounts Receivable
P.O. Box 94214
Baton Rouge, LA 70804-9214

Pursuant to La. R.S. 22:2191(A)(2), any person aggrieved by an act of the Commissioner may request a hearing. You must make a written demand for an appeal within thirty (30) days from the date of this notice. Failure to file a written demand for an appeal within thirty (30) days from this notice will preclude your right to an administrative hearing.

Pursuant to La. R.S. 22:2191(B), your written demand for an appeal (1) shall reference the particular sections of the statutes and rules involved; (2) shall provide a short and plain statement of the matters asserted for review; and (3) shall attach a copy of the order or decision that you are appealing. Appealing this notice does not stay the action of the Commissioner of Insurance. Pursuant to La. R.S. 22:2204, you must request and be granted a stay of this action by the Division of Administrative Law. Your request for a stay may be included in your appeal. Your written demand for an appeal shall be filed with the Louisiana Department of Insurance at the addresses below:

Louisiana Department of Insurance
Attn: J. David Caldwell, Executive Counsel
P. O. Box 94214
Baton Rouge, LA 70804-9214

Telephone: (225) 342-4673
Fax: (225) 342-1632

File in Person at:

1702 N. Third Street
Baton Rouge, LA 70802



72

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MORRIS BART, L.L.C. | Case No. |
| Plaintiff, | |
| v. | District Judge |
| MCCLENNY MOSELEY & ASSOCIATES, PLLC, | Magistrate Judge |
| Defendant. | |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Morris Bart, L.L.C. files this Complaint for Injunctive Relief and Declaratory Relief against McClenny Moseley & Associates, PLLC, respectfully representing as follows:

#### PARTIES

1. Plaintiff Morris Bart, L.L.C. is a Louisiana limited liability company, licensed to do and doing business in Louisiana, with its principal business office in New Orleans, Louisiana.

2. Defendant McClenny Moseley & Associates, PLLC ("MMA") is a Texas professional limited liability company doing business in Louisiana, with its principal business office in Houston, Texas.

#### JURISDICTION & VENUE

3. Plaintiff Morris Bart is a limited liability company whose citizenship is determined by the citizenship of its members. Morris Bart's sole managing member is a Louisiana citizen.

4. Defendant MMA is a professional limited liability company whose citizenship is determined by the citizenship of its members. Both members of MMA are citizens of Texas.

73

| | | |
|---|---|---|
| MELVIN ADDISON, ADRIANA L. ADDISON and ACCORD SERVICES, INC. | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2023-1252 | : | PARISH OF CALCASIEU |
| RICHARD WILLIAM HUYE, III, MCCLENNY MOSELEY & ASSOCIATES, PLLC, OAKWOOD BANK AND TORT NETWORK, LLC D/B/A VELAWCITY, LLC | : | STATE OF LOUISIANA |
| FILED: _____ MAR 3 1 2023 | : | DEPUTY CLERK |

## PETITION FOR DAMAGES AND RELIEF
## UNDER THE LOUISIANA RACKETEERING ACT

NOW INTO COURT, through undersigned counsel comes Plaintiffs, **MELVIN ADDISON**,

**ADRIANA L. ADDISON** and **ACCORD SERVICES, INC.**, who file this Petition for Damages

and Relief under the Louisiana Racketeering Act and who respectfully represent the following:

### JURISDICTION AND VENUE

1.

Jurisdiction is proper under Articles 2 and 6 of the Louisiana Code of Civil Procedure and

venue is proper under Article 74 of the Louisiana Code of Civil Procedure as well as under La. R.S.

15:1356(J).

### PARTIES

2.

#### Plaintiffs

A.   **MELVIN ADDISON** is a person of the full age of majority and domiciled in Calcasieu Parish, Louisiana;

B.   **ADRIANA L. ADDISON** is a person of the full age of majority and domiciled in Calcasieu Parish, Louisiana; and

C.   **ACCORD SERVICES, INC.**, is a Nevada corporation with its principal place of business located in Calcasieu Parish, Louisiana.

3.

#### Defendants

A.   Defendant **RICHARD WILLIAM HUYE, III.** (hereinafter "HUYE") is a person of the full age of majority and domiciled in Orleans Parish and who may be served at his place of residence 601 6th Street, New Orleans, Louisiana 70115;

74



Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300

**Certificate of Formation
Professional Limited Liability
Company**

Filed in the Office of the
Secretary of State of Texas
Filing #: 804962255 03/09/2023
Document #: 1228263040002
Image Generated Electronically
for Web Filing

**Article 1 - Entity Name and Type**

The filing entity being formed is a professional limited liability company. The name of the entity is:

**Charger Law PLLC**

**Article 2 – Registered Agent and Registered Office**

☐A. The initial registered agent is an organization (cannot be company named above) by the name of:

OR

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

Name:
**James    Juranek**

C. The business address of the registered agent and the registered office address is:

Street Address:
**1201 Shepard    Houston  TX  77007**

**Consent of Registered Agent**

☐A. A copy of the consent of registered agent is attached.

OR

☑B. The consent of the registered agent is maintained by the entity.

**Article 3 - Governing Authority**

☑A. The limited liability company is to be managed by managers.

OR

☐B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Manager 1: **Pate    Smith**                              Title: **Manager**

Address: **265 Argosy Lane    MONTGOMERY  TX, USA  77316-77316**

Manager 2: **James  Marshall  McClenny**                 Title: **Manager**

Address: **380 RIDGELAKE SCENIC DR    MONTGOMERY  TX, USA  77316-77316**

**Article 4 - Purpose**

The company is organized for the rendition of the professional service set forth below:
**Provide Legal Services**

75

SUPREME COURT OF LOUISIANA

NO. 2023-B-0277

IN RE: RICHARD WILLIAM HUYE III

GLOBAL ORDER

Acting under the authority of Article V of the Louisiana Constitution of 1974, Louisiana Supreme Court Rule XIX, and the inherent power of this court, and considering the exigent circumstances concerning this matter,

IT IS HEREBY ORDERED that any hurricane and storm-related suit filed by McClenny, Moseley and Associates, PLLC in any Louisiana state court is hereby stayed effective immediately pending further orders of this court.

IT IS FURTHER ORDERED that the chief judge for each court shall provide, within twenty (20) days of this order, information to the Office of Disciplinary Counsel relative to all hurricane and storm-related suits filed by McClenny, Moseley and Associates, PLLC in his or her court, including the docket number and caption of the suit, presiding judge, and the current counsel of record with the affiliated law firm.

IT IS FURTHER ORDERED that the stay may be lifted by the presiding judge in any case when there is a mutual consent of the parties to proceed with the litigation, which consent shall not be unreasonably withheld by any party, or when a voluntary motion to dismiss has been or will be filed for the sole purpose of dismissing that lawsuit.

IT IS FURTHER ORDERED that a copy of this order shall be sent to the chief judge of every court in Louisiana for immediate dissemination to all judges on the court.

NEW ORLEANS, LOUISIANA, this 10th day of May, 2023.

FOR THE COURT:

76

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**OFFICE OF THE CLERK OF COURT**

In the Matter of:

**JOHN ZACHARY MOSELEY**            **Cause Number: 6:23mc009**
[TX Bar # 24092863]

### NOTICE AND ORDER OF INTENT TO IMPOSE IDENTICAL DISCIPLINE

This court has been notified of discipline imposed against a member of the bar of this court, a copy of which is attached. Pursuant to Local Rule AT-2(b)(1), such discipline falls within the scope of the rule's requirement that identical discipline be imposed against attorney in this district.

Effective thirty (30) days from the date of this notice and order, identical discipline will be imposed against the attorney named in the attached disciplinary order, unless, within twenty-one (21) days of service of the notice and order, the attorney files a motion for modification or revocation of this order pursuant to Local Rule AT-2(b)(2)(B).

Pursuant to Local Rule CV-77, notice of orders may be served by e-mail to any person who has signed a filed pleading or document and provided an e-mail address. If the attorney is eligible to receive email notice of this order, it will be emailed to the addresses maintained by the attorney in the attorney's CM/ECF User account; otherwise, it will be mailed to the last known address.

**ENTERED FOR THE COURT.**

**DAVID A. O'TOOLE**
**Clerk of Court**

77

SUPREME COURT OF LOUISIANA

NO. 2023-B-0277

IN RE: RICHARD WILLIAM HUYE III

GLOBAL ORDER

Acting under the authority of Article V of the Louisiana Constitution of 1974, Louisiana Supreme Court Rule XIX, and the inherent power of this Court, and considering the exigent circumstances related to this matter,

IT IS HEREBY ORDERED that attorney Edward J. Walters, Jr., of Walters, Papillion, Thomas, Cullens, LLC, shall be appointed as a special trustee over the hurricane and storm-related suits filed by McClenny, Moseley and Associates, PLLC ("MMA") in Louisiana state courts, which were stayed by the Global Order rendered in the instant matter by this Court on May 10, 2023. The special trustee's duties shall include, but not be limited to, the following: (1) creating a list of attorneys who are in good standing and prepared to assume the representation of clients formerly represented by MMA in hurricane and storm-related suits filed in Louisiana state courts; (2) notifying former MMA clients of the inability of MMA to represent them in pending hurricane or storm-related litigation and to determine whether the former clients have retained new representation; (3) referring those clients who have not retained new representation to the list of available attorneys; (4) facilitating the return or surrender of client files to the clients or the clients' new counsel; and (5) performance of any other duties which the court may direct in furtherance of the May 10, 2023 order. The appointment of Mr. Walters as a special trustee in the instant matter shall not create any lawyer-client relationship.

IT IS FURTHER ORDERED that, pursuant to Supreme Court Rule XIX, §12, the special trustee shall be entitled to immunity from suit for any conduct in the course of his official duties or reasonably related to his official duties.

NEW ORLEANS, LOUISIANA, this 18th day of May, 2023.

FOR THE COURT:

_____
CHIEF JUSTICE
SUPREME COURT OF LOUISIANA

78

**UNITED STATES DISTRICT COURT**

**FOR THE**

**EASTERN DISTRICT OF LOUISIANA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN RE: HURRICANE IDA CLAIMS**

**ORDER FOR STATUS CONFERENCE**

The undersigned will hold a general Hurricane Ida Litigation status conference on **Wednesday, June 14, 2023 at 10:00 a.m., 500 Poydras Street, Courtroom C352, New Orleans, Louisiana 70130** to discuss matters arising from the suspension of R. William Huye, III and the withdrawal of McClenny, Moseley & Associates ("MMA") from cases pending in this District. Counsel are free to raise any concerns or issues related to MMA's conduct in this District at the conference, which is intended to provide the Court, counsel, and their clients with the information necessary to fairly and efficiently litigate and/or settle these pending claims once the "MMA Stay" is lifted in each case. Among the issues the Court intends to address are:

(1) Handling of settlement proceeds in cases that were resolved prior to the MMA suspension/withdrawals;
(2) Handling of cases in which MMA previously invoked appraisal, with or without the consent of the client;
(3) Methods for determining whether a particular insured is an actual client of MMA and/or whether that insured is aware that a lawsuit has been filed on his or her behalf;
(4) Whether and how insurers may communicate directly with their insureds in cases in which MMA sent the insurer a Letter of Representation;
(5) Preparations for the potential filing of thousands of Hurricane Ida cases in this District at or near the end of the prescriptive period.

79

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

**IN RE: McCLENNY MOSELEY & ASSOCIATES, PLLC**

**ORDER**

This order applies to all cases identified in the attached list (Exhibit 1), which were initially filed by attorneys associated with the firm McClenny Moseley & Associates, PLLC ("MMA") and are pending before the undersigned.

Attorneys associated with MMA filed approximately 1600 lawsuits in the Western District of Louisiana in 2022, most just prior to the prescriptive date for insurance claims related to Hurricane Laura.[1] The errors in these filings, as well as the misconduct committed by MMA attorneys in their engagement of the plaintiffs, have been covered in several subsequent hearings and orders, and need not be rehashed here. The counsel enrolled on behalf of the clients are no longer associated with MMA. One of the attorneys, R. William Huye III, has withdrawn from all of the cases MMA filed in this district. The others have indicated in prior hearings before Magistrate Judge Kathleen Kay that they do not object to an order terminating their representation.

The court will therefore issue an order (Exhibit 2) terminating the remaining MMA attorneys from the cases they filed before the undersigned so that these matters may advance. MMA's former clients will then be unrepresented and will have a limited time to

---

[1] Most of the cases related to damages from Hurricanes Laura and Delta, which impacted Southwest Louisiana in August and October of 2020. Some also related to Hurricane Ida, which made landfall in August 2021 and primarily affected areas east of this court's geographic territory.

80

2023-38188 / Court: 125

Envelope No
By: Ge
Filed: 6/21/20

CAUSE NO. _____

| | | |
|---|---|---|
| WAYNE J. ADAMS, BONNIE BROWN, CLAUDE BRITTON, III, CURTIS DAVIS, CAREY D. YAZEED, DWANE BOREL, JAMES S. DARTEZ, LLOYD COX, and LYNDA L. JENKINS<br>　　　Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| McCLENNY, MOSLEY & ASSOCIATES, JAMES McCLENNY, ZACH MOSLEY, RICHARD WILLIAM HUYE, III, and TORT NETWORK, LLC<br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§ | ____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Wayne J. Adams, Bonnie Brown, Claud Britton, III, Curtis Davis, Carey D. Yazeed, Dwane Borel, James S. Dartez, Lloyd Cox, and Lynda L. Jenkins, complain of Defendants, McClenny, Mosley & Associates, James McClenny, Zach Mosley, Richard William Huye, III, and Tort Network, LLC, and would show as follows.

### DISCOVERY CONTROL PLAN

1. Based upon this Petition, this case should be controlled by a discovery control plan Level 3 pursuant to the Texas Rules of Civil Procedure, Rule 190.

### RULE 47 STATEMENT OF RELIEF

2. In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief in excess of $1,000,000. This is not an expedited action.

81

SUPREME COURT OF LOUISIANA

NO. 2023-B-0277

IN RE: RICHARD WILLIAM HUYE III

## GLOBAL ORDER

On May 18, 2023, this Court issued a Global Order appointing attorney Edward J. Walters, Jr., as a special trustee over the hurricane and storm-related suits filed by McClenny, Moseley and Associates, PLLC ("MMA") in Louisiana state courts, which were stayed by the Global Order rendered in the instant matter by this Court on May 10, 2023. Mr. Walters' duties included: (1) creating a list of attorneys who are in good standing and prepared to assume the representation of clients formerly represented by MMA in hurricane and storm-related suits filed in Louisiana state courts; (2) notifying former MMA clients of the inability of MMA to represent them in pending hurricane or storm-related litigation and to determine whether the former clients have retained new representation; (3) referring those clients who have not retained new representation to the list of available attorneys; (4) facilitating the return or surrender of client files to the clients or the clients' new counsel; and (5) performance of any other duties which the court may direct in furtherance of the May 10, 2023 Global Order. By letter dated June 27, 2023, Mr. Walters informed this Court of his compliance with the Court's May 18, 2023 Global Order and requested that his appointment come to an end as being completed.

Acting under the authority of Article V of the Louisiana Constitution of 1974, Louisiana Supreme Court Rule XIX, and the inherent power of this Court,

IT IS HEREBY ORDERED that, having completed his duties, the appointment of Edward J. Walters, Jr., as special trustee pursuant to this Court's May 18, 2023 Global Order is hereby terminated, and Mr. Walters is hereby relieved of any responsibilities thereunder.

IT IS FURTHER ORDERED that Mr. Walters' June 27, 2023 letter be filed into the record of these proceedings by the Clerk of the Louisiana Supreme Court.

IT IS FURTHER ORDERED that the stay imposed by the Court pursuant to its May 10, 2023 Global Order on any hurricane and storm-related suit filed by MMA in any Louisiana state court shall be lifted thirty (30) days from the date of this Order. However, upon motion by any

82

CAUSE NO. 2023-26243

| GLOBAL ESTIMATING SERVICES, INC. | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| McCLENNY, MOSELEY | § | |
| & ASSOCIATES, PLLC | § | 133RD JUDICIAL DISTRICT |

## AFFIDAVIT

STATE OF TEXAS      §
                       §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared NATHAN NORMOYLE, known to me to be the person whose name is subscribed hereto and who after being by me first duly sworn, upon the undersigned's oath deposed and said:

1. "My name is Nathan Normoyle. I am over 18 years of age and am competent and authorized to make this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2. I am the Executive Vice President of Global Estimating Services, Inc. ("GES"). GES was hired by the law firm of McClenny, Moseley & Associates, PLLC ("MMA") to provide field inspection services for residential and commercial property losses suffered by certain clients of MMA as a result of hail, fire, water intrusion, collapse, wind damage and/or flood damage. The scope of the work MMA hired GES to perform included providing written estimates for the construction repair work and/or restoration work for the subject properties.

3. For each project for which MMA hired GES to provide inspections and/or estimates, GES issued an invoice to MMA. MMA had been paying the invoices, but that is no longer the case. Some of the outstanding invoices are more than a year old, and the current balance due and owing by MMA to GES is $9,865,862.99. *See* attachment A-1 attached hereto. The amount is directly related to services requested by MMA and provided to MMA by GES.

4. GES has provided MMA with a list of the open invoices and a link to access copies of the open invoices (all of which had been previously sent to MMA but went unpaid). GES had also requested an accounting or a report stating whether the cases MMA hired GES to work on have settled or otherwise been paid, and whether MMA has collected the funds. As an expert hired by MMA, our invoice was an expense to the file and should have been paid before MMA took any fees for itself. MMA has not been able to provide that reporting to date. Zach Moseley, the managing partner of MMA, told me the firm has between $20 million and $30

83



### LOUISIANA DEPARTMENT OF INSURANCE
JAMES J. DONELON
COMMISSIONER

**DIRECTIVE 221**

**TO:**      **ALL AUTHORIZED PROPERTY AND CASUALTY INSURERS AND SURPLUS LINES INSURERS**

**FROM:**      **JAMES J. DONELON, COMMISSIONER OF INSURANCE**

**RE:**      **DIRECTIVE 221**

**DATE:**      **July 20, 2023**

The Louisiana Department of Insurance (LDI) hereby issues Directive 221 to advise all property and casualty insurers, including surplus lines insurers, (insurers) of the recent suspension of McClenny, Moseley & Associates, PPLC (MMA) from practicing law in Louisiana, and to direct insurers to comply with La. R.S. 22:1896 (and the corresponding duty of good faith and fair dealing) when communicating with Louisiana policyholders formerly represented by that firm. Insurers are reminded that they are obligated to respond to any inquiry or request from the policyholder within 14 days of that inquiry or request pursuant to La. R.S. 22:1896.

The LDI has evidence that MMA and its principals, managers and/or partners, Richard William Huye III, John Moseley, and James McClenny, participated in a fraudulent scheme, which, among other things, constitutes unfair trade practices in the business of insurance in Louisiana.

Based on the LDI's investigation thus far, MMA has admitted to at least 856 fraudulent misrepresentations whereby MMA communicated to Louisiana insurers that they had been retained by Louisiana policyholders to settle claims when MMA did not represent those policyholders. MMA's fraudulent behavior additionally included presenting demands for payment pursuant to the consumer's insurance policy, directing the adjustment of those claims, and receiving and negotiating insurance settlement checks without the knowledge (and authority to do so) from the policyholder. The LDI issued a Cease and Desist Order, Notice of Wrongful Conduct and Notice of Investigative Proceedings to MMA on February 17, 2023. In addition, the LDI issued fines collectively totaling $2 million dollars to MMA, founding partners James McClenny and John Moseley, and Louisiana managing partner Richard William Huye III for engaging in unfair trade practices involving the policyholders referenced herein. The LDI's investigation remains ongoing in this matter.

On March 3, 2023, the Louisiana Supreme Court ordered that Richard William Huye III, be suspended from the practice of law on an interim basis.[1] Additionally, the

---

[1] In Re: Richard William Huye III, 356 So.3d 1000 (Mem), 2023-B-00277 (La. 3/3/23)

84

84

Case 3:23-mc-00062-TAD   Document 2   Filed 06/08/23   Page 1 of 2 PageID #:  1

**U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED**

JUN 0 8 2023

TONY R. MOORE, CLERK
BY: _____
        DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA**

IN RE: ATTORNEYS OF                    **CASE NO.  3:23-MC-0062**
MCCLENNY MOSELEY & ASSOCIATES
PLLC
                                       **JUDGE TERRY A. DOUGHTY**

**ORDER**

On March 3, 2023, a "Memorandum Order" was issued by this Court suspending attorneys from McClenny Moseley & Associates PLLC ("MMA") for ninety days for misconduct in the United States District Court, Western District of Louisiana. The time frame for these suspensions has expired but this Court continues to find that the suspensions of the MMA attorneys are necessary to protect the interest of clients in the Western District of Louisiana. Therefore, in accordance with **LR83.2.10(B)(3 )** and the unanimous vote of the Article III judges of the Western District of Louisiana, this court extends the suspensions previously imposed on MMA attorneys.

This Court gives notice to the attorneys of MMA that they may individually request a hearing on these suspensions within 15 days of this Order. Any attorney who does not seek a hearing within the time frame will be deemed to have waived that right and the extended suspensions are effective as of the date of this Order.

Accordingly,

**IT IS ORDERED** that notice is given to the following attorneys from McClenny Moseley & Associates PLLC extending previously imposed suspensions from the practice of law in the United States District Court, Western District of Louisiana, as follows:

- John Moseley, LAWD Temporary Id No. 917563, suspended one (1) year;
- R. William Huye, III, Louisiana Bar No. 38282, suspended one (1) year;

Case 3:23-mc-00062-TAD   Document 2   Filed 06/08/23   Page 2 of 2 PageID #:  2

- Cameron Sean Snowden, Louisiana Bar No. 35333, suspended nine (9) months;
- Claude Favrot Reynaud, III, Louisiana Bar No. 31534, suspended nine (9) months;
- Grant P. Gardiner, Louisiana Bar No. 39888, suspended six (6) months; and
- James McClenny, LAWD Temporary Id No. 917564, suspended six (6) months.

**IT IS FURTHER ORDERED** the attorneys listed above from McClenny Moseley & Associates PLLC are given **15 days from the date of this Order** to seek an opportunity to be heard regarding these suspensions. Any attorney who does not seek an opportunity to be heard regarding the extension of the suspensions, will be deemed to have waived that right and the suspensions are effective as of the date of this Order.

**THUS DONE AND SIGNED** in Chambers on this _____ 8th _____ day of June, 2023.

_____
**TERRY A. DOUGHTY, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

85

## SECURITIES AND EXCHANGE COMMISSION

# FORM D/A

Official notice of an offering of securities that is made without registration under the Securities Act in reliance on an exemption provided by Regulation D and Section 4(6) under the Act. [amend]

Filing Date: **2022-12-23**
**SEC Accession No.** 0001315863-22-000821

(HTML Version on secdatabase.com)

## FILER

**Equal Access Justice Fund LP**
CIK:**1728993**| IRS No.: **000000000** | State of Incorp.:**DE** | Fiscal Year End: **1231**
Type: **D/A** | Act: **33** | File No.: **021-308132** | Film No.: **221485084**

Mailing Address
*105 S. NARCISSUS, SUITE 800*
*WEST PALM BEACH FL 33401*

Business Address
*105 S. NARCISSUS, SUITE 800*
*WEST PALM BEACH FL 33401*
*(561) 566-5110*



| | | |
|---|---|---|
| West Palm Beach | FLORIDA | 33401 |

Relationship: ☐ Executive Officer ☐ Director ☒ Promoter

Clarification of Response (if Necessary)
B.E. Blank & Co LP is the investment manager of the Issuer.

| Last Name | First Name | Middle Name |
|---|---|---|
| Blank | Benjamin | E. |
| Street Address 1 | Street Address 2 | |
| 105 S. Narcissus, Suite 800 | Suite 800 West | |
| City | State/Province/Country | ZIP/Postal Code |
| West Palm Beach | FLORIDA | 33401 |

Relationship: ☒ Executive Officer ☐ Director ☒ Promoter

Clarification of Response (if Necessary)
Mr. Blank is the manager of BEB Partners LLC, the general partner of the Issuer.

**4. Industry Group**

| Agriculture | Health Care | Retailing |
|---|---|---|

☐ Agriculture

Banking & Financial Services
☐ Commercial Banking
☐ Insurance
☐ Investing
☐ Investment Banking
☒ Pooled Investment Fund
  ☒ Hedge Fund
  ☐ Private Equity Fund
  ☐ Venture Capital Fund
  ☐ Other Investment Fund
  *Is the issuer registered as an investment company under the Investment Company Act of 1940?
  ☐ Yes  ☒ No
☐ Other Banking & Financial Services
☐ Business Services

Energy
☐ Coal Mining
☐ Electric Utilities
☐ Energy Conservation
☐ Environmental Services
☐ Oil & Gas
☐ Other Energy

Health Care
☐ Biotechnology
☐ Health Insurance
☐ Hospitals & Physicians
☐ Pharmaceuticals
☐ Other Health Care
☐ Manufacturing

Real Estate
☐ Commercial
☐ Construction
☐ REITS & Finance
☐ Residential
☐ Other Real Estate

☐ Retailing
☐ Restaurants

Technology
☐ Computers
☐ Telecommunications
☐ Other Technology

Travel
☐ Airlines & Airports
☐ Lodging & Conventions
☐ Tourism & Travel Services
☐ Other Travel

☐ Other

**5. Issuer Size**

| Revenue Range | Aggregate Net Asset Value Range |
|---|---|
| ☐ No Revenues | ☐ No Aggregate Net Asset Value |
|   $1 - $1,000,000 |   $1 - $5,000,000 |

88

**12. Sales Compensation**

| Recipient | Recipient CRD Number ☐ None | |
| --- | --- | --- |
| (Associated) Broker or Dealer ☐ None | (Associated) Broker or Dealer CRD Number | ☐ None |
| Street Address 1 | Street Address 2 | |
| City | State/Province/Country | ZIP/Postal Code |

State(s) of Solicitation (select all that apply)
Check "All States" or check individual States      ☐ All States      ☐ Foreign/non-US

**13. Offering and Sales Amounts**

Total Offering Amount      $            USD or ☒ Indefinite
Total Amount Sold      $ 213,100,494 USD
Total Remaining to be Sold $      USD or ☒ Indefinite

Clarification of Response (if Necessary)

**14. Investors**

☐   Select if securities in the offering have been or may be sold to persons who do not qualify as accredited investors,
Number of such non-accredited investors who already have invested in the offering      ☐

Regardless of whether securities in the offering have been or may be sold to persons who do not qualify as accredited investors, enter the total number of investors who already have invested in the offering:      15

**15. Sales Commissions & Finders' Fees Expenses**

Provide separately the amounts of sales commissions and finders' fees expenses, if any. If the amount of an expenditure is not known, provide an estimate and check the box next to the amount.

Sales Commissions $ 0 USD ☐ Estimate
Finders' Fees      $ 0 USD ☐ Estimate

Clarification of Response (if Necessary)

**16. Use of Proceeds**

Provide the amount of the gross proceeds of the offering that has been or is proposed to be used for payments to any of the persons required to be named as executive officers, directors or promoters in response to Item 3 above. If the amount is unknown, provide an estimate and check the box next to the amount.

$ 0 USD ☐ Estimate

Clarification of Response (if Necessary)
The Issuer's confidential offering materials fully discuss management fees.

**Signature and Submission**



90



## Our flexible investments allow law firms to operate efficiently and grow via the following

### Increased Marketing Spend

Prospective clients are more likely to seek legal advice from the law firms they recognize. Many of our law firm partners utilize our capital to launch marketing campaigns designed to increase brand recognition and loyalty within the communities they serve. By launching strategic marketing campaigns through print, televised and digital media, law firms may significantly increase their revenues through enhanced client recognition and interest.

### Operational Efficiency

Our capital enables law firms to compete in today's legal market by utilizing operational efficiency to provide best-in-class legal services on behalf of their clients. Our law firm partners often utilize our capital to hire exceptional attorneys and support staff to address increased client demands. Our law firm partners may also utilize our capital to invest in premium operational infrastructure, such as case management programs, docketing software, legal research databases and e-discovery platforms.

### Enhanced Trial Presentation

When our law firm partners are at trial, they have one objective: to win at all costs. Trial presents countless uncertainties, and our law firm partners understand the value of an exceptional trial presentation, regardless of cost. With our capital, our law firm partners utilize the best trial preparation resources available to them. This includes the retention of skilled expert witnesses, jury research consultants, and trial graphics vendors.

### Geographic Expansion

One of the best ways for law firms to increase their revenue is to go where the work is. Some of our law firm partners utilize our capital to relocate to communities where there is higher demand for their specific expertise. Others will utilize our capital to expand their existing practices by venturing into new markets through satellite offices or joint venturing with co-counsel in underserved markets where existing demand for legal services has been identified.

### Enhanced Cash Flow Management

Our goal is to enable our law firm partners to devote their time and energy to successful advocacy for their clients. In other words, we want the lawyers we partner with to worry about their clients' claims –not their firms' cashflow. To realize this objective, we work with our law firm partners to develop customized financing plans to enable the firm to pay off its existing debts, cover overhead and increase partner profits.

92

92

# Keep up to date as new developments are reported – follow me on LinkedIn!





Matthew Monson

www.MonsonFirm.com

855-2-MONSON

Matthew@Monsonfirm.com

94