United States District Court
Southern District of Texas

**ENTERED**

October 03, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MONSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00928 |
| | § | |
| MCCLENNY MOSELEY & | § | |
| ASSOCIATES, PLLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Ho's Memorandum and Recommendation filed on June 24, 2025 (Doc. #152), Plaintiff Katherine Monson's Objections (Doc. #154), Defendant Tort Network LLC's ("Tort Network") Response (Doc. #155), and Defendant James McClenny's ("McClenny") Response (Doc. #156). The Magistrate Judge's findings and conclusions are reviewed de novo. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In this case, Plaintiff alleges Defendants McClenny, Moseley & Associates, PLLC; Equal Access Justice Fund LP and EAJF ESQ Fund LP (collectively, "EAJF"); John Moseley ("Moseley"); McClenny; and Tort Network violated Section 82.0651 of Texas's anti-barratry statute by sending unlawful solicitation communications to Monson and other potential clients in Louisiana. Doc. #152 at 2. At issue before the Magistrate Judge was whether Section 82.0651 applies extraterritorially to bar solicitation of potential clients in other states. *Id.* The Texas

Supreme Court recently addressed this question in *Pohl v. Cheatham*, No. 23-0045, 2025 WL 1349691 (Tex. May 9, 2025). The Magistrate Judge found the court in *Pohl* clearly and unequivocally held that "Section 82.0651 . . . does not encompass the solicitation of potential clients in other states." Doc. #152 at 5. Accordingly, the Magistrate Judge recommended Plaintiff's claims against all Defendants be dismissed with prejudice.

Plaintiff objects to the Memorandum and Recommendation on several grounds, almost all of which were not raised before the Magistrate Judge. Yet new arguments "are forfeited if they are not raised before a magistrate judge," even if they are raised in objections to the memorandum and recommendation. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024). Thus, Plaintiff's only surviving objection is that the Magistrate Judge's recommendation to dismiss is premature because counsel in *Pohl* moved for rehearing before the Texas Supreme Court. Doc. #154 at 5. The Court agrees with the Magistrate Judge, however, that the odds of a rehearing are "exceedingly remote." Doc. #152 at 9. As such, Plaintiff's objections to the Memorandum and Recommendation are overruled.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #152) as its Order. Accordingly, the requests for dismissal filed by Tort Network (Doc. #146), EAJF (Doc. #147), and McClenny (Doc. #148) are GRANTED. Plaintiff's claims against all Defendants are DISMISSED WITH PREJUDICE. EAJF's crossclaims against Tort Network, Moseley, and McClenny remain pending.

It is so ORDERED.

OCT 0 1 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

2