

# THE MONSON
## LAW FIRM, LLC

Matthew D. Monson
Admitted in Louisiana and Texas
Matthew@MonsonFirm.com

Please Respond to Louisiana Office

August 26, 2022

***Via Certified Mail/Return Receipt Requested: 7021 1970 0001 1175 0091***

Louisiana Office of Disciplinary Counsel
4000 S. Sherwood Forest Boulevard, Suite 607
Baton Rouge, Louisiana 70816

> Re:   Richard William Huye, III
>        McClenny, Moseley & Associates, PLLC

Dear Office of Disciplinary Counsel:

**Introduction and Summary of Complaint**

Pursuant to Rule 8.3 of the Louisiana Rules of Professional Conduct ("LRPC"), and on behalf of Michael and Holly Caffarel, I have attached for your review correspondence from attorney Richard William Huye, III and other materials that show unequivocally that Richard William Huye, III and McClenny, Moseley & Associates, PLLC falsely claimed to Maison Insurance Company that they represented the Caffarels when, in fact, no such attorney-client relationship ever existed. This correspondence and false representations resulted in Maison Insurance Company placing McClenny, Moseley & Associates, PLLC on two checks, in effect preventing the Caffarels from using insurance claim funds to repair their home.

At all material times Mr. Huye and McClenny, Moseley & Associates, PLLC ("MMA") represented a roofing company, Apex Roofing & Restoration, LLC ("Apex Roofing"), with which they conspired to deprive the Caffarels of their insurance claim proceeds.

**Meeting with Apex Roofing Representative**

On March 15, 2022, the Caffarels were approached at their home by a representative of Apex Roofing, Mr. Seth Anderson. Apex Roofing is not licensed as a Public Adjusting Company nor is Mr. Anderson a licensed Public Adjuster. The Caffarels were told that a hailstorm hit their

**Florida Office**
2840 N. University Drive
Coral Springs, FL 33065
P: 754-229-3487

**Texas Office**
900 Rockmead Dr., Ste. 141
Kingwood, TX 77339
P: 281-612-1920  F: 281-612-1971

**Louisiana Office**
5 Sanctuary Boulevard, Ste. 101
Mandeville, LA 70471
P: 985-778-0678  F: 985-778-0682

**www.MonsonFirm.com    855-2-MONSON**

Monson 005391

Louisiana Office of Disciplinary Counsel
Office of Chief Disciplinary Counsel
August 26, 2022
Page 2

property on or about October 27, 2021 and that there was damage that called for replacement of their entire roof.

Mr. Anderson had the Caffarels sign two documents. The first document is a Work Order to replace the roof at a cost of $7.50 per square foot, which is considerably above the market rate. This document is attached as Exhibit "A". It is of note that there is no actual estimate that Mr. Anderson provided to the Caffarels. In this Work Order, there is no reference to Mr. Huye or MMA.

The second document Mr. Anderson had the Caffarels sign is an Assignment of Benefits. This document is attached as Exhibit "B". In this agreement, the Caffarels agreed to assign their post-loss rights of recovery to Apex Roofing. The Assignment of Benefits bestowed all legal rights to Apex Roofing, including the right to make a claim against Maison Insurance Company. Further in the Assignment of Benefits, there is no mention of Mr. Huye, or MMA. The pertinent Assignment of Benefits language is as follows:

> II.     **Assignment.** In furtherance of the foregoing and to the extent permitted by law, Property Owner hereby assigns, conveys and transfers to Company all of Property Owner's right, title, and interest in and to any and all rights, benefits, proceeds and causes of action under the insurance claim with Insurer set forth above with regard to the Work performed or to be performed by Company on the Property as set forth in the Contract (the "Claim"). This Assignment is delivered as partial consideration for Company to perform the Work on the Property pursuant to the terms of the Contract. Property Owner authorizes Insurer to release any and all information requested by Company or its representatives in connection with the Contract, the Work, and/or the Claim.

Despite this language, Apex Roofing falsely called in the claim to Maison Insurance Company on behalf of the Caffarels and not Apex Roofing. This is not proper as it was a blatant misrepresentation of the contractual agreement that was signed by the Caffarels. Further, a contractor cannot represent an insured on a first party property damage claim.

**Maison Insurance Company Response to Claim**

In response to the claim filed by Apex Roofing on behalf of the Caffarels, Maison engaged Southeast Catastrophe Consulting Company, who was contacted on March 18, 2022 and inspected the roof on March 24, 2022. The estimate was created on April 1, 2022 in the amount of $21,415.52 for dwelling coverage and $2,552.50 in other structures coverage. A copy of the estimate is attached as Exhibit "C".

Monson 005392

Louisiana Office of Disciplinary Counsel
Office of Chief Disciplinary Counsel
August 26, 2022
Page 3

**Mr. Huye and MMA Letter of Representation**

Mr. Huye and MMA received the information about the Caffarels from their client, Apex Roofing, who was acting as the agent of Mr. Huye and MMA in obtaining clients for them in violation of LRPC Rule 7.4. Neither Mr. Huye nor MMA had any contact whatsoever with the Caffarels and the Caffarels had not heard of either Mr. Huye or MMA up to this point.

On April 4, 2022, Mr. Huye and MMA wrote a "LETTER OF REPRESENTATION AND FIRST NOTICE OF LOSS" to Maison Insurance Company, a copy of which is attached as Exhibit "D". This letter, signed by Mr. Huye, wrongly refers to "Our Client" as Michael Caffarel and specifically states in bold "**This requires that McClenny Moseley & Associates, PLLC be listed as a payee on any payment or draft made from this point forward.**" (emphasis in original). The letter also indicates that all checks are to be sent to MMA's headquarters address at 1415 Louisiana St., Suite 2900, Houston, TX 77002. Further, the letter signed by Huye requests confidential insurance information from Maison Insurance Company regarding the Caffarels, including the following:

(1) An explanation of any and all coverage defenses that Maison Insurance Company is asserting. If Maison Insurance Company is not asserting any coverage defenses, please state so in writing.

(2) An estimate of damages to the building under coverage A, additional structures under coverage B, and contents under coverage C, including but not limited to any drafts.

(3) All photographs taken by Maison Insurance Company's representatives depicting the insured property and/or contents.

(4) All adjuster notes or claim notes pertaining to this claim.

(5) A complete copy of the underwriting file and a full copy of the claims file.

(6) All correspondence exchanged between your representatives, Maison Insurance Company, and my client.

(7) The date Maison Insurance Company acknowledged the claim and the record of acknowledgement.

(8) The date Maison Insurance Company commenced the investigation of the claim and any request for information submitted to my client.

(9) The date Maison Insurance Company accepted or rejected the claim, and the reasons for any rejection.

Monson 005393

Louisiana Office of Disciplinary Counsel
Office of Chief Disciplinary Counsel
August 26, 2022
Page 4

(10)    The date(s) Maison Insurance Company made payment on the claim.

(11)    If no payment has been made on the claim, please immediately tender all undisputed payments.

(12)    Any and all consultant reports (Adjuster, Engineer, etc., including drafts).

All information demanded by Mr. Huye and MMA in Exhibit "D" is protected non-public insurance information. Indeed, La. R.S.  22:2504B(3) directs insurers to "Protect against unauthorized access to or use of non-public information and minimize the likelihood of harm to any consumer." By intentionally misrepresenting to Maison that he and MMA represented the Caffarels, Mr. Huye improperly received both correspondence about the Caffarels' claim and settlement funds from Maison Insurance Company.

**MMA was Wrongfully Listed as Payees on Two Checks from Maison Insurance Company**

On April 20, 2022, Maison Insurance Company via Fed Nat Adjusting provided a payment letter, attached hereto as Exhibit "E". This letter was provided to Mr. Huye and MMA as demanded in Exhibit "D".  In this letter, two checks were provided:

Check No. 260237, dated 04/18/2022 in the amount of $21,415.52 for dwelling coverage; and

Check No. 260238, dated 04/18/2022 in the amount of $2,552.50 for other structures coverage.

Notably, both of these checks were made payable to MICHAEL AND HOLLY CAFFAREL AND MCCLENNY MOSELEY & ASSOCIATES AND JPMORGAN CHASE BANK, N.A. ASSOCIATION ISAOA/ATIMA. Thus, MMA was placed on two checks for which they did not represent the Caffarels.   Copies of these checks are attached hereto as Exhibit "F".

Upon receipt of the checks from Maison, MMA forwarded the checks to Chase Bank.  At no point upon receipt of the check did either Mr. Huye or MMA inform the Caffarels that the checks had been received or that the checks were being presented to Chase.  Nor did Mr. Huye or MMA send the checks to the Caffarels so that they could endorse the checks.

On April 20, 2022, Maison Insurance Company via Fed Nat Adjusting provided the Certified Copy of the Insured's policy to Mr. Huye and MMA as instructed in Exhibit "D".

Monson 005394

Louisiana Office of Disciplinary Counsel
Office of Chief Disciplinary Counsel
August 26, 2022
Page 5

**The Maison Insurance Company Policy issued to the Caffarels Does Not Allow Apex Roofing to Make a Claim Against the Policy**

As is set forth in detail below, both in a phone call and email correspondence, Mr. Huye admits that at all times, he and MMA actually represented Apex Roofing and NOT the Caffarels. There is no engagement letter, no contract and no communications at any point between either Mr. Huye or MMA and the Caffarels. Apex Roofing coerced the Caffarels to execute the Assignment of Benefits agreement without mentioning the existence of Mr. Huye, MMA or the actual or potential involvement of legal counsel.

The Maison Insurance Company policy provides as follows regarding Assignments of Benefits, such as executed by the Caffarels in favor of Apex Roofing, in Form MIC HO AOB 04 18:

| **Maison Insurance Company** | **Homeowners** |
| --- | --- |
| | **MIC HO AOB 04 18** |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
## ASSIGNMENT OF BENEFITS ENDORSEMENT
Under **SECTION I AND II CONDITIONS, E. Assignment** is deleted and replaced in its entirety by the following:

**E.      Assignment**

Assignment of this policy will not be valid unless we give our written consent.

1.  We do not consent to, and we specifically prohit, the assignment of the policy, or the assignment of any rights, interest, benefits and/or claims arising under the policy, at any time, whether such assignment is made prior to the occurrence of a loss, or after a loss.

2.  The pre-loss assignment of the policy, or of any of the rigthts, interset, benefits, and/or caims arising under the plicy, is prohibited and invalid.

3.  The post-loss assignment of the policy, or of any of the rights, interests, benefits, and/or claims arising under the policy, is prohibited and invalid.

All other provisions of the policy apply.

Monson 005395

Louisiana Office of Disciplinary Counsel
Office of Chief Disciplinary Counsel
August 26, 2022
Page 6

This language prohibits Maison Insurance Company from paying claims directly to AOB contractors. Insurance policy language restricting direct recovery by AOB contractors from insurers was originally approved by the Louisiana Department of Insurance as a consumer protection action in February 2017. The policy issued to the Caffarels provides that only the Caffarels are the proper party to assert a claim and Apex Roofing as assignee has no direct rights against the Cafferals' policy. A copy of the Caffarel's policy is attached as Exhibit "G".

In order for Apex Roofing to receive the Caffarels' insurance proceeds, it needed a way to get around the AOB prohibition contained in the Maison Insurance Company policy. As such, Apex Roofing wrongfully conspired with Mr. Huye and MMA to falsely present the claim to Maison Insurance Company through the law firm as counsel for the Caffarels. This way, Maison Insurance Company would issue payment directly to Mr. Huye and MMA and bypass the Caffarels. This fraudulent scheme insured that MMA would receive an unwarranted fee and Apex Roofing would obtain the balance of the funds issued by Maison Insurance Company. Further, the Caffarels would not only have to pay an inflated price for the roof, but would also have to make up the deficit to Apex Roofing caused by the illegal fees siphoned off by MMA.

As evidence of this illegal scheme, Apex Roofing representative Seth Anderson called in the claim directly to Maison Insurance Company, not as a representative of Apex Roofing, but on behalf of the Caffarels. Mr. Huye and MMA demanded that Maison Insurance Company forward any claim payments to MMA and include MMA as payee on these checks. Upon receipt of the checks from Maison, MMA forwarded the checks to Chase Bank. At no point upon receipt of the checks did Mr. Huye or MMA inform the Caffarels that the checks had been received or that the checks were being presented to Chase for endorsement. Nor did MMA send the checks to the Caffarels so that they could endorse the checks. To the extent that MMA acted as counsel for the Caffarels, their failure to communicate violates LRPC Rule 1.4.

This illegal scheme was only discovered as Chase Bank, who endorsed the checks after receiving them from MMA, then sent the checks to the Caffarels - not MMA - for the Caffarels' endorsement. Upon receipt of the checks, the Caffarels were confused as to why MMA was on the checks as they had no communication with Mr. Huye or anyone from MMA. Up to that point, the Caffarels did not know that Mr. Huye or MMA existed.

This scheme is in clear violation of LRPC Rules 3.1, 4.1(a) and (b), 8.4(a), (b), (c), and (d).

**The Monson Law Firm's Representation of the Caffarels and Notice to Mr. Huye and MMA**

The Caffarels turned to the undersigned for help and assistance. To ensure that proper steps were taken in the event that Mr. Huye and MMA actually represented the Caffarels, the undersigned entered into an engagement agreement with the Caffarels. Once this agreement was reduced to writing, the undersigned sent correspondence on July 22, 2022 to Mr. Huye and MMA informing them that The Monson Law Firm, LLC represents the Caffarels and for Mr. Huye and MMA to forward any of the Caffarels' file materials pursuant to LRPC Rule 1.16(d). This

Monson 005396

Louisiana Office of Disciplinary Counsel
Office of Chief Disciplinary Counsel
August 26, 2022
Page 7

correspondence was signed for via certified mail by an MMA representative on July 26, 2022 and is attached as Exhibit "H". Even though Mr. Huye has correspondence in his file with Maison Insurance Company indicating he represents the Caffarels, no file materials of the Caffarels have been provided, in clear violation of this rule. Specifically, Mr. Huye and MMA have not provided the correspondence they sent to Chase Bank providing the settlement checks for endorsement.

**July 28, 2022 Phone Call with Mr. Huye**

In response to this correspondence, Mr. Huye called The Monson Law Firm at 9:47 a.m. on July 28, 2022 and left a message for the undersigned with legal assistant Jennifer Lorino indicating that he thought The Monson Law Firm committed ethics violations. The message is as follows:



After receiving a message in which Mr. Huye threatened our legal assistant with baseless allegations of ethical impropriety, the undersigned called Mr. Huye and recorded the phone call. A transcript and audio copy of the recording has been attached as Exhibit "I" and the pertinent parts of the discussion are detailed below:

TRANSCRIPTION OF TELEPHONE CONVERSATION BETWEEN WILLIAM HUYE, ESQ. AND MATTHEW MONSON,

MR. HUYE:

. . . And then this morning, I got Caffarel, and that was kind of the most interesting of the bunch. And, so, really wanted to talk with you on Caffarel directly and kind of see what your MO is on that one -- certainly, a unusual set of events.

Monson 005397



Monson 005521

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LA. Office of Disciplinary Counsel
4000 S. Sherwood Forest Blvd.
Suite 607
B.R., LA 70816

9590 9402 6477 0346 7994 51

2. Article Number *(Transfer from service label)*

7021 1970 0001 1175 0091

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

Monson 005524



Monson 005525

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LA. Office of Disciplinary Counsel
4000 S. Sherwood Forest Blvd.
Suite 607
B.R., LA 70816



9590 9402 6477 0346 7994 51

2. Article Number *(Transfer from service label)*

7021 1970 0001 1175 0091

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Lisa Copas_   ☐ Agent
                 ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Lisa Copas                        8/29/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

Monson 005526



USPS TRACKING #

BATON ROUGE LA 707

9590 9402 6477 0346 7994 51

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**THE MONSON**
LAW FIRM. LLC

Matthew D. Monson
5 Sanctuary Blvd., Suite 101
Mandeville, LA 70471

Caffarel

Monson 005527