**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **Plaintiff** | § | |
| **v.** | § | **ADV. NO. 26-03107** |
| | § | |
| **MATTHEW MONSON, THE** | § | |
| **MONSON LAW FIRM, LLC,** | § | |
| **KATHERINE MONSON, AND** | § | |
| **ALLIED TRUST INSURANCE** | § | |
| **COMPANY, INC.** | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC (the "**Plaintiff**" or **"MMA"**) hereby files this *Motion for Leave to File Second Amended Complaint,* and respectfully shows the Court as follows:

## I.    INTRODUCTION AND RELIEF REQUESTED

1.    MMA seeks leave under Federal Rule of Civil Procedure 15(a)(2), made applicable by Federal Rule of Bankruptcy Procedure 7015, to file the Second Amended Complaint in substantially the form attached as Exhibit A.

2.    The proposed amendment serves two principal purposes.

3.    First, it refines MMA's factual allegations and causes of action in response to issues raised by Defendant Allied Trust Insurance Company, Inc. (**"Allied"**).

4.    Second, it adds two defendants, former Louisiana Commissioner of Insurance James J. Donelon (**"Donelon"**) and Louisiana Department of Insurance counsel David Caldwell (**"Caldwell"**), whose conduct is the subject of factual allegations MMA learned only after it filed the First Amended Complaint.

## II.    RELEVANT FACTUAL BACKGROUND

5.    On April 8, 2026, MMA commenced this adversary proceeding to recover for a coordinated, multi-year campaign by Matthew Monson, Katherine Monson, the Monson Law Firm, LLC (the **"Monson Firm"**), and Allied Trust Insurance Company, Inc. (**"Allied"**) (collectively, the **"Defendants"**) to dismantle MMA's law practice through the misuse of regulatory, disciplinary, and judicial processes (the **"Complaint"**). [ECF No. 1]

6.    On April 29, 2026, before any Defendant had filed a responsive pleading, MMA filed its First Amended Complaint. [ECF No. 7]

7.    On April 29, 2026, MMA served the First Amended Complaint and Summons on

Defendants. [ECF Nos. 8-11]

8.      After the First Amended Complaint was filed, MMA obtained additional information bearing directly on the conduct of Donelon and Caldwell and on the coordination between those state officials and the Defendants. The newly obtained information disclosed facts not previously known to MMA, including the Louisiana Department of Insurance's retention of a private vendor to secretly investigate MMA before any public proceeding occurred in order to determine how MMA had acquired thousands of clients in so short a period and to track and monitor the firm before it filed litigation in Louisiana, at a time when the LDI knew it had no authority to regulate law firms.

9.      Donelon, who caused the LDI to retain the vendor, was personally briefed on the vendor's MMA-focused findings, and the engagement served as the vehicle through which Monson and the vendor's principal were first introduced and their efforts against MMA aligned. Caldwell, the LDI's executive counsel, was designated as the point of contact for that effort, sought to connect Monson with the presiding judge, and continued to coordinate with Monson after the LDI's order was vacated for lack of jurisdiction and no proceeding remained pending, writing at that point that he was "still trying to build a case." These facts were unknown to MMA when it filed the First Amended Complaint, and establish each official's direct participation in the coordinated campaign against MMA.

10.      Separately, Allied has raised challenges directed at MMA's factual allegations and the sufficiency of its causes of action contained in the First Amended Complaint. The proposed Second Amended Complaint refines and clarifies MMA's factual allegations and removes specific claims in light of those challenges.

11.      On May 12, 2026, the Court entered a *Stipulation and Order Extending Deadline for Allied*

*to Answer or Move in Response to Plaintiff's First Amended Complaint* (the **"Allied Stipulation"**). [ECF No. 14]

12.     Separately, MMA agreed to an extension for Monson, Katherine Monson, and The Monson Firm to file their Answer/Response to the First Amended Complaint.

13.     To date, the Defendants have not filed an Answer or responsive pleading to the First Amended Complaint, and no scheduling order has been issued by the Court.

### III.     ARGUMENTS AND AUTHORITIES

14.     Because no scheduling order deadline for amendment of pleadings governs this motion, leave is governed solely by Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2); FED. R. BANKR. P. 7015.

15.     The language of this rule "evinces a bias in favor of granting leave to amend," and a "district court must possess a "substantial reason' to deny a request." *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004).  A Court should examine five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.*

16.     MMA seeks leave promptly after developing the factual basis for the amendment. The allegations concerning Donelon and Caldwell rest substantially on information MMA obtained only after the First Amended Complaint was filed.

17.     The amendment is offered in good faith to conform MMA's pleading to the facts as developed and to respond to the matters Allied has raised informally regarding facts pled and causes of action contained in the First Amended Complaint. The amended plan clarifies specific facts and removes causes of action against Allied. The amendments made in response to Allied's

challenges reflect MMA's good-faith effort to address those concerns rather than to litigate them through unnecessary motion practice.

18.     MMA has not repeatedly failed to cure deficiencies through prior amendments. The proposed amendment is directed at newly-developed facts and at concerns identified by Allied, not at the repeated re-pleading of deficient claims. This is the first motion filed by MMA for leave to amend its complaint.

19.     There is no undue prejudice. This adversary proceeding is at an early stage. The proposed amendment does not require the reopening of completed discovery or the continuance of any trial setting, and Donelon and Caldwell will have a full opportunity to respond to the claims against them. The addition of parties and the refinement of allegations at this stage works no undue prejudice on any defendant, especially since none of the current Defendants have filed an answer or responsive pleading.

20.     Finally, amending the complaint is not futile. The proposed Second Amended Complaint states plausible claims for relief, including the refined claims against the existing defendants and the claim against Donelon and Caldwell under 42 U.S.C. § 1983. An amendment is futile only if it could not survive a motion to dismiss and the proposed pleading readily meets that standard.

## IV.     CONCLUSION

21.     For these reasons, MMA respectfully requests that the Court grant leave to file the Second Amended Complaint substantially in the same form attached as Exhibit A, deem the Second Amended Complaint filed as of the date of the Court's order, and grant such other and further relief to which MMA is justly entitled.

Dated: June 12, 2026.

Respectfully submitted,

By: */s/Miriam T. Goott*

Miriam T. Goott
SBN #24048846
COUNSEL FOR PLAINTIFF

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
Phone (713) 956-5577
mgoott@walkerandpatterson.com

## CERTIFICATE OF SERVICE

I, Miriam T. Goott, hereby certify that on June 12, 2026, a true and correct copy of the Motion for Leave to File Second Amended Complaint, along with a copy of the proposed Second Amended Complaint, was served on the Defendants via their counsel of record by electronic transmission.

By: */s/Miriam T. Goott*
Miriam T. Goott

## CERTIFICATE OF CONFERENCE

I, Miriam T. Goott, hereby certify that on May 21, 2026, MMA counsel communicated with counsel for all Defendants regarding MMA's intent to amend the complaint to add new defendants and address Allied's concerns and inquired as to whether they would oppose such amendment. Defendants' counsel advised that they could not state a position until they had reviewed the proposed amended complaint. Counsel for Allied indicated that it would be able to provide a position within twenty-four (24) hours of receipt of the proposed amended complaint.

On June 11, 2026 at 8:54 PM, Defendants' counsel were provided by email with a copy of the proposed Second Amended Complaint. That same day, counsel for the Monson Defendants (Monson, the Monson Firm, and Katherine Monson) indicated that she would not be able to respond until the following week. On June 12, 2026, Allied's counsel advised that it would provide its position no later than June 17, 2026. Accordingly, MMA files this Motion at this time. Upon receipt of Defendants' positions, MMA will promptly notify the Court by filing a notice updating the status of Defendants' positions.

By: */s/Miriam T. Goott*
Miriam T. Goott