UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | CASE NO. 24-31596 |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |
| _____ | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | ADVERSARY NO. 26-03107 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MATTHEW MONSON, THE MONSON | § | |
| LAW FIRM, LLC, KATHERINE | § | |
| MONSON, and ALLIED TRUST | § | |
| INSURANCE COMPANY, INC. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF MMA LAW FIRM, PLLC
RESPONSE TO DEFENDANT ALLIED TRUST INSURANCE COMPANY'S
MOTION TO WITHDRAW THE REFERENCE**

Plaintiff MMA Law Firm, PLLC ("**MMA**" or "**Plaintiff**") files this response to Defendant Allied Trust Insurance Company's ("**Allied**") *Motion to Withdraw the Reference* (the "**Motion**") and respectfully states as follows:

**<u>SUMMARY OF FACTS AND RELIEF REQUESTED</u>**

MMA does not dispute that Allied has demanded a jury trial, that the claims asserted against Allied are non-core, or that Allied has not consented to a jury trial before the Bankruptcy Court or to the entry of final judgment by this Court. Accordingly, MMA does not oppose withdrawal of the reference for purposes of trial. MMA respectfully requests, however, that this Court recommend that the District Court withdraw the reference and thereafter refer this adversary

proceeding back to the Bankruptcy Court for all pretrial matters, including discovery, dispositive motions, and pretrial case management, until the matter is ready for trial.

## RELEVANT BACKGROUND FACTS

1.      MMA is the debtor in the above-captioned Chapter 11 case, which was filed in 2024 and has been pending before this Court for more than two years.

2.      A hearing on approval of MMA's First Amended Disclosure Statement is currently set for June 24, 2026, and a confirmation hearing is expected to follow. The bankruptcy case docket contains more than 1,500 entries, and this Court has presided over numerous contested matters and evidentiary hearings involving the Debtor.

3.      This adversary proceeding is one of forty-four adversary proceedings filed in connection with MMA's Chapter 11 case. Through those proceedings, this Court has become intimately familiar with the factual history underlying the disputes involving MMA and various parties connected to the bankruptcy estate.

4.      Among the contested matters addressed by this Court was a dispute involving Defendant Matthew Monson and The Monson Law Firm concerning a Rule 2004 examination (the **"Monson Dispute").** (Case No. 24-31596 - ECF No. 1284).

5.      In connection with the Monson Dispute, this Court conducted hearings, approved stipulations, held a contested evidentiary hearing, entered an order compelling the production of documents, overruled objections, and ordered a Rule 2004 examination (the **"2004 Order"**). (Case No. 24-31596 - ECF No. 1314). Following entry of the 2004 Order, the Monson Law Firm filed a notice of appeal and sought a stay pending appeal, which this Court denied. This Appeal has since been dismissed.

6.      As a result, this Court is not only familiar with the Debtor and the underlying bankruptcy case, but is also familiar with significant factual issues involving multiple defendants named in this adversary proceeding.

7.      Allied filed its Motion to Withdraw the Reference on June 12, 2026.

**ARGUMENT**

8.      Courts in this District routinely recognize that, even when a party is entitled to a jury trial and withdrawal of the reference will ultimately be required, bankruptcy courts should retain jurisdiction over pretrial matters until the case is trial-ready. In multiple adversary proceedings arising from MMA's bankruptcy case, the District Court has withdrawn the reference while referring pretrial matters back to the Bankruptcy Court (**"Withdrawn MMA Cases"**)[1].

9.      The District Court in the MMA Withdrawn Cases has specifically recognized the benefits of such a referral, observing: *"Considering the global state of the MMA-related litigation, the Court finds that referring all pre-trial matters to Judge Rodriguez would result in the expeditious preparation of this case for trial."* **See Exhibit A (Paragraph II(B) – Page 6)**.

10.     Given this Court's extensive familiarity with the underlying bankruptcy case and related disputes with Monson Law, referral of pretrial matters back to this Court would best serve the interests of judicial economy and efficient administration of the bankruptcy estate.

---

[1] This is not an exhaustive list of the adversary proceedings filed by MMA in which the District Court withdrew the reference and referred pretrial matters back to the Bankruptcy Court: Case No. 24-03127 (ECF No. 86); Case No. 24-03130 (ECF No. 41); Case No. 24-03134 (ECF No. 41); 24-03223 (ECF No. 19); Case No. 25-03017 (ECF No. 12); 25-03018 (ECF No. 17).

**RELIEF REQUESTED**

MMA respectfully requests that this Court recommend that the District Court withdraw the reference solely for purposes of preserving Allied's asserted jury-trial rights and refer all pretrial matters in this adversary proceeding back to the Bankruptcy Court until the case is ready for trial.

Dated:  June 13, 2026

Respectfully submitted,

*/s/ Miriam T. Goott*
Miriam T. Goott
State Bar No. 24048846
4815 Dacoma Street
Houston, Texas 77092
Telephone: 713-956-5577
Email: mgoott@walkerandpatterson.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on June 13, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Miriam Goott
Miriam Goott