**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| **Debtor** | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MATTHEW MONSON,** | § | **ADVERSARY NO. 26-03107** |
| **THE MONSON LAW FIRM, LLC,** | § | |
| **KATHERINE MONSON, AND** | § | |
| **ALLIED TRUST INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

**DEFENDANT ALLIED TRUST INSURANCE COMPANY'S**
**REPLY TO PLAINTIFF MMA LAW FIRM, PLLC'S RESPONSE TO DEFENDANT**
**ALLIED TRUST INSURANCE COMPANY'S MOTION TO WITHDRAW THE**
**REFERENCE AND IN FURTHER SUPPORT OF MOTION TO WITHDRAW THE**
**REFERENCE [DKT. NO. 19]**

Defendant Allied Trust Insurance Company, Inc. ("Allied") hereby files this reply

("Reply") to Plaintiff' MMA's Law Firm, PLLC's ("MMA" or "Plaintiff" or "Debtor") Response

to Defendant Allied Trust Insurance Company's Motion to Withdraw the Reference [Dkt. No. 19]

("Response"), and in further support of Allied's motion to immediately withdraw the above-

referenced adversary proceeding from the United States Bankruptcy Court for the Southern

District of Texas (the "Bankruptcy Court") to the United States District Court for the Southern

District of Texas (the "District Court") (the "Motion") for all purposes and states as follows:

1.      MMA does not oppose withdrawal of the reference. *Response* at 1. The only dispute

is whether the District Court should refer this adversary proceeding back to the Bankruptcy Court

for all pretrial matters, including discovery, dispositive motions, and pretrial case management, until the matter is ready for trial. Contrary to MMA's assertions, this proceeding should not be referred back. The causes of action are non-core proceedings that have no connection to the bankruptcy proceeding or any of the other adversary proceedings. Immediate withdrawal will thus allow the District Court—the court before which a jury trial will occur—to develop familiarity with the facts of the case, which will promote efficiency and allow the parties (and Court) to avoid the inefficiency of repeating aspects of prior motion practice during pre-trial and trial.

2.      Despite MMA's assertion that the Bankruptcy Court is familiar with the history underlying the disputes involving the Debtor and others because this adversary proceeding is just one of forty-four adversary proceedings in this case, this adversary proceeding is very different from those other adversary proceedings. All the other adversary proceedings involved disputes bankruptcy courts routinely resolve, including disputes over: (i) whether contingency fees are property of the estate; (ii) violations of the automatic stay; (iii) requests for turnover of estate property; and (iv) contract claims. Each of the "Withdrawn MMA Cases" that Plaintiff relies on for its argument that pretrial matters should be referred back to the Bankruptcy Court asserts some or all of those claims.[1]

---

[1] The "Withdrawn MMA Cases" are: (i) Case No. 24-03127 (Dkt. No. 25) an 11-page, 119 paragraph, complaint asserting causes of action for violation of the automatic stay, declaratory judgment regarding fees owed to the estate, and turnover; (ii) Case No. 24-03130 (Dkt. No. 25) a 22-page, 133 paragraph, complaint asserting causes of action for violation of the automatic stay, declaratory judgment regarding fees owed to the estate, and turnover; (iii) Case No. 24-03134 (Dkt. No. 23) a 16-page, 71 paragraph complaint asserting causes of action for violation of the automatic stay, declaratory judgment regarding fees owed to the estate, and turnover; (iv) Case No. 24-03223 (Dkt. No. 1) a 13-page, 71 paragraph, complaint asserting causes of action for declaratory judgment regarding fees owed to the estate and turnover; (v) Case No. 25-03017 (Dkt. No. 1) a 9-page, 57 paragraph, complaint asserting causes of action for violation of the automatic stay, declaratory judgment regarding fees owed to the estate, and turnover; and (vi) Case No. 03018 (Dkt. No. 1) an 11-page, 66 paragraph, complaint asserting causes of action for violation of the automatic stay, declaratory judgment regarding fees owed to the estate, and turnover.

3.  Each of those causes of action is based upon and arises out of bankruptcy law and therefore is a core proceeding—a proceeding to resolve issues that arise exclusively in a bankruptcy case. *See In re Royce Homes, LP*, 652 B.R. 488, 495 (Bankr. S.D. Tex. 2023).

4.  **The claims for violation of the automatic stay** arise under and are asserted pursuant to under 11 U.S.C. § 362.[2] Those claims can only be applicable to a proceeding under title 11 because they arise under 11 U.S.C. § 362, which only applies in bankruptcy cases, which makes such claims a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(O). *See In re Harris*, No. 03-44826, 2008 WL 924939, at *3 (Bankr. S.D. Tex. Apr. 4, 2008) ("Count Four is for a violation of the automatic stay, a quintessential core bankruptcy proceeding").

5.  **The declaratory judgment claims** seek a determination as to whether the Debtor's interest in certain contingency fees is property of the estate pursuant to 11 U.S.C. § 541.[3] Such claims to determine property of the bankruptcy estate arise under the Bankruptcy Code and, therefore, are core proceedings under 28 U.S.C. § 157(b)(2)(A). 28 U.S.C. § 157(b)(2)(A) ("Core proceedings include, but are not limited to—(A) matters concerning the administration of the estate); *see, also, e.g.*, *In re Royce Homes*, 652 B.R. 488, 495-96 (Bankr. S.D. Tex. 2023) ("Proceedings to determine whether something is estate property or somehow stopped being estate property is a core proceeding under Section 157(b)(2)(A)"); *Manges v. Atlas (In re Duval Cty. Ranch Co.),* 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994) ("a proceeding to determine what constitutes property of the estate pursuant to 11 U.S.C. § 541 is a core proceeding under 28 U.S.C.

---

[2] *See e.g.* Case No. 24-03127, Dkt. No. 42 at ¶ 70; (ii) Case No. 24-03130, Dkt. No. 25 at ¶ 88; (iii) Case No. 24-03134, Dkt. No. 23 at ¶ 45; (iv) Case No. 25-03017, Dkt. No. 1 at ¶ 41; and (v) Case No. 03018, Dkt. No. 1 at ¶ 50.

[3] *See e.g.* Case No. 24-03127, Dkt. No. 42 at ¶ 98; (ii) Case No. 24-03130, Dkt. No. 25 at ¶ 115; (iii) Case No. 24-03134, Dkt. No. 23 at ¶ 74; (iv) Case No. 24-03223, Dkt. No. 1, at ¶ 49.

§ 157(b)(2)(A) . . . Whenever there is a dispute regarding whether property is property of the bankruptcy estate, exclusive jurisdiction is in the bankruptcy court") (internal citation omitted); and *Nilhan Devs., LLC v. Glass (In re Nilhan Devs., LLC),* 631 B.R. 507, 541 (Bankr. N.D. Ga. 2021) ("is generally recognized that "[a] proceeding to determine what constitutes property of the estate pursuant to 11 U.S.C. § 541 is a core proceeding").

6.      **The turnover claims**[4] each seeks an order to turn over property of the estate pursuant to section 542, which is a core proceeding under 28 U.S.C. § 157(b)(2)(E). 28 U.S.C. § 157(b)(2)(E) ("Core proceedings include, but are not limited to—(E) orders to turn over property of the estate"); *In re Royce Homes, LP,* 578 B.R. 748, 758 (Bankr. S.D. Tex. 2017), *report and recommendation adopted sub nom. Tow v. Park Lake Communities, LP,* No. CV H-17-3364, 2018 WL 287861 (S.D. Tex. Jan. 4, 2018) ("the Trustee's § 542(b) claim in the Turnover Suit falls within the category of core proceedings delineated by 28 U.S.C. § 157(b)(2)(E)"); *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 427 (Bankr. S.D. Tex. 1987) ("An action for turnover of property is a core proceeding under 28 U.S.C. § 157(b)(2)(E).").

7.      Moreover, in each of the Withdrawn MMA Cases, the Bankruptcy Court found that all of the claims asserted against the defendant in those matters were "core matters.". *See* Case No. 24-03127, Dkt. No. 73 at p.10 ("all of the MMA Claims are core matters"); (ii) Case No. 24-03130, Dkt. No. 35 at p.4 ("All claims asserted against Defendant in this adversary involve core matters"); (iii) Case No. 24-03134, Dkt. No. 39 at p.4 ("All claims asserted against Defendant in this adversary involve core matters"); (iv) Case No. 24-03223, Dkt. No. 11, at p.4 ("All claims asserted against Defendant in this adversary involve core matters"); (v) Case No. 25-03017, Dkt. No. 6 at

---

[4] *See e.g.* Case No. 24-03127, Dkt. No. 42 at ¶ 113; (ii) Case No. 24-03130, Dkt. No. 25 at ¶ 128; (iii) Case No. 24-03134, Dkt. No. 23 at ¶ 63; (iv) Case No. 24-03223, Dkt. No. 1, at ¶ 64; (v) Case No. 25-03017, Dkt. No. 1 at ¶ 35; and (vi) Case No. 03018, Dkt. No. 1 at ¶ 43.

4

p. 4 ("All claims asserted against Defendant in this adversary involve core matters"); and (vi) Case No. 03018, Dkt. No. 10 at p. 4 ("All claims asserted against Defendant in this adversary involve core matters").

8.     **The claims in this adversary proceeding**, however, are not core proceedings. *See* Motion at ¶¶ 14, 20-25. The Plaintiff does not dispute, and in fact, concedes and acknowledges that "the claims asserted against Allied are non-core." Response p. 1. Non-core proceedings are proceedings that relate to cases under title 11 but do not arise exclusively under a bankruptcy case. *See In re Royce Homes, LP*, 652 B.R. 488, 495 (Bankr. S.D. Tex. 2023). Thus, Plaintiff's reliance on decisions involving core proceedings offers no support for referral back to the Bankruptcy Court for all pretrial matters.

9.     The claims against Allied do not arise from, nor are they related to, the underlying bankruptcy proceeding. The claims against Allied do not assert that Allied violated the automatic stay or seek declaratory judgment that Allied has property of the estate or request that Allied should be compelled to turnover property of the estate. The claims against Allied have no connection to or similarity to the claims in the other adversary proceedings. Nor are the claims against Allied based on substantially similar grounds to the claims in the other adversary proceedings. Therefore, the fact that there are forty-three other adversary proceedings provides no support to suggest that the Bankruptcy Court has familiarity with the claims against Allied that would result in expeditious preparation for trial.

10.     The causes of action in the Second Amended Complaint,[5] a 175-page, 677-paragraph pleading, include claims that are more commonly resolved in a District Court, including

---

[5] The Plaintiff has filed a motion to amend its complaint (Adv. Proc. Dkt. No. 18) to file the Second Amended Complaint, Adv. Proc. Dkt. No. 18-1 ("Second Amended Complaint"). Solely for

claims for violation of the Racketeer Influenced and Corrupt Organization Act and conspiracy to violate civil rights under 42 U.S.C. § 1983. Specifically, the Plaintiff asserts claims: (i) against Allied, Matthew Monson ("M. Monson"), the Monson Law Firm, LLC ("MLF"), and Katherine Monson ("K. Monson," and collectively with M. Monson and MLF, the "Monson Defendants") for violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(d), (ii) against M. Monson, MLF and Allied on a vicarious basis for (a) tortious interference with existing contracts, (b) tortious interference with prospective business relations. *See generally Second Am. Compl.*, Adv. Proc. Dkt. No. 18-1, ¶¶ 540-609.  The Second Amended Complaint also asserts claims: (i) against M. Monson, MLF, and K. Monson for: (a) violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c), (b) against M. Monson and MLF for (*i*) Business Disparagement and (*ii*) defamation and defamation per se; and (*iii*) against M. Monson and new defendants James J. Donelon ("Donelon") and David Caldwell ("Caldwell") for Conspiracy to violate civil rights under 42 U.S.C. § 1983. See Second Am. Compl., Adv. Proc. Dkt. No.18-1, ¶¶ 376-539, 610-641, 642-677.

11.    The causes of action alleged in the Second Amended Complaint have no connection to this bankruptcy proceeding and differ from those in the other adversary proceedings.

12.    Further, the claims asserted against Allied arose before the bankruptcy petition was filed. Although the Plaintiff asserts that the claims arise under Texas law, the causes of action all related to Plaintiff's operations in another state—Louisiana—and actions allegedly taken to interfere with Plaintiff's business in Louisiana. *See Second Am. Complaint* [Dkt. No. 18-1] at ¶¶ 15-50 ("Relevant Louisiana Background and History of Hurricanes"); ¶¶ 51-55 ("MMA Enters

---

purposes of this reply, Allied assumes that Second Amended Complaint will be permitted and refers to the Second Amended Complaint.

Louisiana Backed by Litigation Funders"); ¶ 65 (alleging "Allied and Monson aligned in a course of conduct directed at MMA itself, including its ability to operate, represent clients, recover fees, and continue doing business in Louisiana"); ¶ 70 (alleging "Allied had a financial interest in eliminating or reducing MMA's contingent fee entitlements in the Allied Cases and in the broader Louisiana market"); ¶ 188 (alleging that "Monson and Allied's efforts to dismantle MMA extended beyond the LDI and into the federal courts in Louisiana."). The Plaintiff's Motion for Leave to File Second Amended Complaint [Dkt. 18] which seeks to add two defendants, former Louisiana Commissioner of Insurance and Louisiana Department of Insurance counsel, makes those connections to Louisiana even clearer. Allied thus anticipates filing a motion to transfer venue to the Eastern or Middle District of Louisiana based on the lack of connection to Texas.

13.     Although the Plaintiff asserts that the Bankruptcy Court has extensive familiarity with the underlying bankruptcy case and related disputes with Monson law, the Bankruptcy Court does not have extensive familiarity with the issues in this adversary proceeding. As explained above, this adversary proceeding involves claims that are substantially different from those in the other forty-three adversary proceedings. Thus, there is no benefit from the Bankruptcy Court's familiarity with those adversary proceedings.

14.     The only other "familiarity" of the Bankruptcy Court asserted by the Plaintiff is in connection with a 2004 examination dispute with Matthew Monson and The Monson Law Firm. *Response at ¶¶* 3-5. But that dispute did not occur in this adversary proceeding, and Allied was not a part of that contested matter. While some of the discovery obtained from that 2004 examination may be relevant, any "familiarity" derived from that limited dispute is minimal compared to the familiarity that the Court will gain between now and the ultimate trial in this adversary proceeding.

15.     Additionally, when a court "had not reached any substantive issues in the adversary proceeding" and the "motion to withdraw reference was filed shortly after the filing of the complaint," the court had not "reached a significant level of familiarity with the case" and immediate withdrawal is appropriate. *See In re Align*, 2019 WL 2524938, at *5 (recommending immediate withdrawal of the reference of the adversary proceeding).

16.     Here, this proceeding is still at the start. The Plaintiff just filed its Motion for Leave to File Second Amended Complaint [Dkt. 18] seeking to file an amended pleading revising the claims against parties, and notably, adding additional defendants. No answers or responsive pleadings have been filed. No scheduling order has been issued. No discovery has occurred. And, no dispositive motions have been filed. In short, as acknowledged by the Plaintiff, this "adversary is at an early stage." *Response to Motion for Leave* ¶ 19. Thus, the Bankruptcy Court has not yet presided over any proceedings in this matter that would or could impact discovery or the ultimate merits of this case. The Court has no specialized knowledge of this proceeding and the complex causes of action asserted against Allied (and others). Consequently, there will be no loss of efficiency in withdrawing the case for pre-trial proceedings.

17.     As explained in the Motion, immediate withdrawal serves the interest of judicial economy as it will allow the District Court—the court that will preside over this matter—to gain familiarity with the complex matters involved in this adversary proceeding and avoid the District Court having to duplicate efforts. *See* Motion at ¶¶ 37-38; *see also See In re Align Strategic Partner LLC,* 16-35702, 2019 WL 2524938, at *4 (Bankr. S.D. Tex. Mar. 6, 2019); *Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 472 (S.D.N.Y. 2011); *Travelers Inc. Co. v. Goldberg*, 135 B.R. 788, 792 (D. Md. 1992); *In re Money Centers of Am., Inc.*, 579 B.R. 710, 714 (S.D.N.Y. 2016).

18.     For the reasons set forth herein and in the Motion, withdrawal of the reference immediately as to all claims and issues against Allied, for all purposes, is appropriate. The District Court, not the Bankruptcy Court, should retain the matter for all pre-trial matters. There is no benefit or efficiency to having the Bankruptcy Court handle pre-trial matters for causes of action that have no connection to the underlying bankruptcy proceeding and for which no familiarity has been obtained by the Bankruptcy Court in this adversary proceeding that is just starting.  Referral of pre-trial matters back to the Bankruptcy Court will be inefficient as the parties will have to re-explain and re-hash prior arguments and motions to the District Court during and before any trial.

## **CONCLUSION**

Allied respectfully requests that the Bankruptcy Court recommend 1) that the District Court immediately withdraw the reference as to all claims and issues against Allied; and 2) that the District Court adjudicate this action in all pre-trial matters.

Dated: June 18, 2026

Respectfully submitted

**STEPTOE LLP**

/s/ *David Isaak*
    David Isaak
    Texas Bar No. 24012887
    Allison Standish Miller
    Texas Bar No. 24046440
    Evelyn M. Hudson
    Texas Bar No. 24145282
717 Texas Avenue, Suite 2800
Houston, TX 77002
Telephone: (713) 221-2300
Fax: (713) 221-2320
disaak@steptoe.com
amiller@steptoe.com
ehudson@steptoe.com

Peyton Thomas (*pro hac vice forthcoming*)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
pthomas@steptoe.com

*Counsel for Defendant*
*Allied Trust Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on the 18th day of June 2026, a true and correct copy of the above document was served via the CM/ECF system on all counsel of record.

/s/ *David Isaak*
David Isaak

10