UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | CASE NO. 24-31596 |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |
| _____ | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | ADVERSARY NO. 26-03107 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MATTHEW MONSON, THE MONSON | § | |
| LAW FIRM, LLC, KATHERINE | § | |
| MONSON, and ALLIED TRUST | § | |
| INSURANCE COMPANY, INC. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF MMA LAW FIRM, PLLC**
**RESPONSE TO MATTHEW MONSON, KATHERINE MONSON, AND THE MONSON**
**LAW FIRM, LLC'S MOTION TO WITHDRAW THE REFERENCE**

Plaintiff MMA Law Firm, PLLC ("**MMA"** or "**Plaintiff'**') files this response to Matthew

Monson, The Monson Law Firm, LLC (**"Monson Law"**), Katherine Monson (collectively, the

**"Monson Defendants")** *Motion to Withdraw the Reference* (the "**Monson Motion"**) and

respectfully states as follows:

## SUMMARY OF FACTS AND RELIEF REQUESTED

MMA does not dispute that the Monson Defendants have demanded a jury trial, that the

claims asserted against them are non-core, or that the Monson Defendants have not consented to a

jury trial before the Bankruptcy Court or to the entry of final judgment by this Court. Accordingly,

MMA does not oppose withdrawal of the reference for purposes of trial. MMA respectfully requests, however, that this Court recommend that the District Court withdraw the reference and thereafter refer this adversary proceeding back to the Bankruptcy Court for all pretrial matters, including discovery, dispositive motions, and pretrial case management, until the matter is ready for trial.

## RELEVANT BACKGROUND FACTS

1.      MMA is the debtor in the above-captioned Chapter 11 case, which was filed in 2024 and has been pending before this Court for more than two years.

2.      On June 24, 2026, the Court conducted a hearing on MMA's Second Amended Disclosure Statement, and a confirmation hearing is scheduled for August 4, 2026. The bankruptcy case docket contains more than 1,500 entries, and this Court has presided over dozens of contested matters and evidentiary hearings involving the Debtor.

3.      This adversary proceeding is one of forty-four adversary proceedings filed in connection with MMA's Chapter 11 case. Through those proceedings, this Court has become intimately familiar with the factual history underlying the disputes involving MMA and various parties connected to the bankruptcy estate.

4.      Among the contested matters addressed by this Court was a dispute involving Defendant Matthew Monson and The Monson Law Firm concerning a Rule 2004 examination (the **"Monson Dispute"**). (Case No. 24-31596 - ECF No. 1284).

5.      In connection with the Monson Dispute, this Court conducted hearings, approved stipulations, held a contested evidentiary hearing, entered an order compelling the production of documents, overruled objections, and ordered a Rule 2004 examination (the **"2004 Order"**). (Case

No. 24-31596 - ECF No. 1314). Following entry of the 2004 Order, the Monson Law Firm filed a notice of appeal and sought a stay pending appeal, which this Court denied. This Appeal has since been dismissed.

6.      As a result, this Court is not only familiar with the Debtor and the underlying bankruptcy case, but is also familiar with significant factual issues involving multiple defendants named in this adversary proceeding.

7.      On June 22, 2026, the Monson Defendants filed their Motion to Withdraw the Reference (the **"Monson Motion"**) and a related Memorandum.

**ARGUMENT**

8.      Courts in this District routinely recognize that, even when a party is entitled to a jury trial and withdrawal of the reference will ultimately be required, bankruptcy courts should retain jurisdiction over pretrial matters until the case is trial-ready. In multiple adversary proceedings arising from MMA's bankruptcy case, the District Court has withdrawn the reference while referring pretrial matters back to the Bankruptcy Court (**"Withdrawn MMA Cases"**)[1].

9.      The District Court in the MMA Withdrawn Cases has specifically recognized the benefits of such a referral, observing: *"Considering the global state of the MMA-related litigation, the Court finds that referring all pre-trial matters to Judge Rodriguez would result in the expeditious preparation of this case for trial."* **See Exhibit A (Paragraph II(B) – Page 6)**.

10.      The Monson Defendants attempt to distinguish the Withdrawn MMA Cases on the ground that those proceedings involved avoidance actions, turnover claims, and fee disputes tied to estate

---

[1] This is not an exhaustive list of the adversary proceedings filed by MMA in which the District Court withdrew the reference and referred pretrial matters back to the Bankruptcy Court: Case No. 24-03127 (ECF No. 86); Case No. 24-03130 (ECF No. 41); Case No. 24-03134 (ECF No. 41); 24-03223 (ECF No. 19); Case No. 25-03017 (ECF No. 12); 25-03018 (ECF No. 17).

administration, while this proceeding pleads RICO and tort claims. The distinction does not hold. The District Court did not refer pretrial matters back because the underlying claims were bankruptcy specific. It did so because of the global state of the MMA related litigation and because referral would expedite preparation for trial. That rationale is indifferent to the legal theory pleaded. Discovery, scheduling, and dispositive motion practice are managed the same way whether a claim sounds in RICO or in turnover. The efficiency the District Court identified does not vanish because MMA has pleaded a different cause of action.

11.     Given this Court's extensive familiarity with the underlying bankruptcy case and related disputes with the Monson Defendants, referral of pretrial matters back to this Court would best serve the interests of judicial economy and efficient administration of the bankruptcy estate.

12.     The Monson Defendants assert that the Bankruptcy Court has acquired no familiarity with this dispute because the proceeding is in its infancy. The record refutes that assertion as to the Monson Defendants in particular. As set out above, this Court presided over the Monson Dispute. It conducted hearings, took evidence, approved stipulations, overruled objections, entered an order compelling production, and ordered a Rule 2004 examination of Mr. Monson who appeared on behalf of the Monson Law Firm. When the Monson Law Firm appealed that order and sought a stay, this Court denied the stay, and the appeal was dismissed.

13.     The Monson Defendants devote a significant portion of their Memorandum to establishing that withdrawal is mandatory under § 157(d) because the proposed Second Amended Complaint pleads claims under the Racketeer Influenced and Corrupt Organizations Act and 42 U.S.C. § 1983. MMA does not contest that withdrawal of the reference for trial is appropriate. Whether that withdrawal is characterized as mandatory or as permissive for cause, the District Court's authority to structure it is the same. A court that withdraws the reference on either ground may refer pretrial

matters back to the bankruptcy court and reserve only the trial for itself. The mandatory or permissive label thus has no bearing on the allocation of pretrial responsibility, which is the single issue these motions actually present.

14.     Finally, the Monson Defendants disclose in a footnote that they intend to move to transfer venue to a federal district court in Louisiana. That motion is not before the Court, and MMA will respond to it when and if it is filed. Two points bear noting now. First, a contemplated and unfiled motion is not a basis to deny referral of pretrial matters. Second, the Monson Defendants' professed interest in judicial economy is difficult to reconcile with a proposal to remove a single adversary proceeding from the District in which the bankruptcy case and forty three related adversary proceedings remain pending. Coordinated pretrial management in this District serves the very efficiency the Monson Defendants claim to seek.

## RELIEF REQUESTED

MMA respectfully requests that this Court recommend that the District Court withdraw the reference solely for purposes of preserving the Monson Defendants' asserted jury-trial rights and refer all pretrial matters in this adversary proceeding back to the Bankruptcy Court until the case is ready for trial.

Dated:  June 24, 2026

Respectfully submitted,

*/s/ Miriam T. Goott*
Miriam T. Goott
State Bar No. 24048846
4815 Dacoma Street
Houston, Texas 77092
Telephone: 713-956-5577
Email: mgoott@walkerandpatterson.com

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that on June 24, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Miriam T. Goott*
Miriam T. Goott