United States District Court
Southern District of Texas
**ENTERED**
March 19, 2026
Nathan Ochsner, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:25-CV-00097 |
| | § | |
| MMA LAW FIRM, PLLC | § | ADVERSARY PRO. NO. 24-03130 |
| | § | |
| | § | |
| | § | |

## ORDER

Pending before this Court is Defendant Laborde Earles Law Firm, LLC's ("Laborde Earles") Motion to Transfer Venue (Doc. No. 7) and Plaintiff MMA Law Firm, PLLC's ("MMA") Motion to Refer Pre-Trial Matters to Chief Bankruptcy Judge Rodriguez. (Doc. No. 6). This Court is also in receipt of all responses and replies. (Doc. Nos. 12–14). Upon consideration of the pleadings and relevant legal standards, the Court hereby **DENIES** the Motion to Transfer Venue (Doc. No. 7) and refers all pre-trial matters to Judge Rodriguez.

## I.    Factual Background

This is one of almost twenty-five matters in this Court related to MMA Law Firm, PLLC's ("MMA") ongoing Chapter 11 bankruptcy proceedings. According to the Complaint, MMA initiated this adversary proceeding against Laborde Earles Law Firm, LLC's ("Laborde Earles") for the collection of disputed attorneys' fees in various cases pending or resolved in Louisiana. (Bankr. No. 24-03130, No. 25). After MMA was apparently prohibited from practicing in the Western District of Louisiana, Laborde Earles allegedly reached a fee-sharing agreement with MMA to take over the pending matters. (*Id.*). According to MMA, that agreement provided that "[u]pon the resolution of the MMA cases, [MMA] would be entitled to 62% of the contingency fee from any settlement or award received by the MMA Client, with Laborde Earles receiving the

remaining 38%." (*Id.* at 3). Further, "[e]ach party would also be entitled to reimbursement of actual expenses incurred in representing the MMA Clients in the MMA Cases." (*Id.*).

Nevertheless, MMA alleges that Laborde Earles has taken the position in the underlying matters in Louisiana that MMA is not entitled to any attorneys' fees in nearly 2,000 cases that were filed by the Debtor on behalf of its clients in Louisiana. (*Id.*). In at least nine of those cases (alleged in the Complaint), MMA alleges that Laborde Earles filed Motions to Release Funds of certain settlement checks with the specific instruction to "NOT include the law firm of [MMA] as a payee." (*Id.* at 13–19). MMA brought the adversary proceeding against Laborde Earles for (1) alleged violations of the automatic stay and (2) turnover of the property of the estate. (*Id.*). MMA also seeks a declaratory judgment "affirming that the Debtor's interest in the attorney's fees and costs in all of the [cases] are property of the bankruptcy estate." (*Id.* at 19).

After Laborde Earles filed the Unopposed Motion to Withdraw the Bankruptcy Reference and Jury Demand, (Doc. No. 3), this Court adopted the Report and Recommendation of Chief Bankruptcy Judge Rodriguez (Doc. No. 1) and withdrew the reference from the Bankruptcy Court. (Doc. No. 4). Following the withdrawal of the reference, Laborde Earles filed a Motion to Transfer Venue (Doc. No. 7) and MMA filed a Motion to Refer Pre-Trial Matters to Chief Bankruptcy Judge Rodriguez (Doc. No. 11). The Court addresses both Motions below.

## II.     Analysis

### A. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for

2

another district, in the interest of justice or for the convenience of the parties." "Considering the nearly identical language in § 1404(a) and § 1412, court have generally applied the same analysis to both." *In re Victorville Aerospace, LLC*, No. 08-35790, 2008 WL 5482785 (S.D. Tex. Bankr. Dec. 9, 2008).

"The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (interpreting § 1404(a)). "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the costs of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* "The public concerns include: (1) the administrative difficulties flowing from the court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Under § 1412, while "[t]he location of the debtor's bankruptcy case is not the only factor that courts have evaluated in considering whether to transfer venue," courts have also considered "whether the transfer would promote the economic and efficient administration of the bankruptcy estate, whether the interests of judicial economy would be served by the transfer, whether the parties would be able to receive a fair trial in each of the possible venues, whether either forum has an interest in having the controversy decided within its borders, whether the enforceability of any judgment obtained would be affected by the transfer, and whether the plaintiff's original choice of forum should be disturbed." *Norton v. Encompass Servs. Corp.*, 301 B.R. 836, 839 (S.D. Tex. 2003).

3

Laborde Earles requests this Court to transfer this case to the Western District of Louisiana largely because the underlying cases and the related attorneys' fees at the center of this dispute are pending in that District. In response, MMA contends that the factors weigh in favor of maintaining the litigation in this District due to the pending bankruptcy proceedings. While the Parties address most of the factors enumerated above, the Court limits its analysis to the most relevant to this litigation.

First, the Court recognizes that this litigation is geographically split between Texas and Louisiana. While Laborde Earles is a Louisiana law firm and the underlying cases with the disputed attorneys' fees are pending in Louisiana, MMA is a Texas law firm that chose to file its Chapter 11 bankruptcy petition and subsequent adversary proceedings in this District. For Laborde Earles, the Western District of Louisiana would likely be more convenient for its attorneys and putative witnesses to appear in court proceedings, but for MMA, this District is the more convenient venue for its attorneys and putative witnesses. Further, because MMA alleges that Laborde Earles breached a written agreement it had entered into with MMA, the putative witnesses are likely to be members of the law firms and active participants in this litigation—not laypersons (such as clients in the underlying insurance disputes) residing in Louisiana. The Court finds that the "convenience" of the Parties and their witnesses are split equally between Texas and Louisiana. When the convenience of the parties is split between two venues, "the Debtors' choice of venue should not be disturbed on the basis of convenience of the parties under these circumstances." *In re ERG Intermediate Holdings, LLC*, No. 15-31858, 2015 WL 6521607, at *6 (N.D. Tex. Bankr. Oct. 27, 2015).

Second, Laborde Earles argues that since the litigation will likely turn on the application of Louisiana law, this Court should transfer the case to the Western District of Louisiana. While

that may be true, the face of the Complaint alleges a breach-of-contract fact pattern. *See* (Bankr. No. 24-03130, No. 25). Even if this Court is faced with the application of more complex Louisiana state law, this Court has already filed a Certification Request to the Supreme Court of Louisiana in a matter involving another successor law firm. *See* (No. 4:24-CV-04446, Doc. No. 46). That Certification Request addresses the exact issues of state law that Laborde Earles argues will govern this litigation in its Motion to Transfer. *See* (Doc. No. 7 at 8) (mentioning the *Saucier* factors, which are discussed at length in the Certification Request). As another court has noted and this Court finds applicable here, this Court "is somewhat familiar and possibly educable on Louisiana substantive law," especially when it has filed a Certification Request with the Supreme Court of Louisiana. *See Emrick v. Calcasieu Kennel Club, Inc.*, 800 F. Supp. 482, 484 (E.D. Tex. 1992). While the Court finds that this factor may weigh slightly in favor of the transfer, this sole factor is not dispositive.

Lastly, as the Court mentioned above, this matter is one of nearly twenty-five pending cases in this Court arising out of the underlying bankruptcy proceeding and several ongoing adversary proceedings. In April 2024, MMA filed its bankruptcy petition in the Southern District of Texas. For nearly two years, this District has been involved in facilitating the pre-trial matters of the several adversary proceedings between MMA and successor law firms like Laborde Earles. *See, e.g.*, No. 4:24-CV-3443, No. 4:24-CV-4343, No. 4:24-CV-2793, No. 4:25-CV-4059, No. 4:24-CV-4446, No. 4:25-CV-4917, No. 4:25-CV-5576, No. 4:26-CV-642, No. 4:25-CV-5584, No. 4:25-CV-1341, No. 4:25-CV-991, No. 4:25-CV-291, No. 4:25-CV-99, No. 4:25-CV-97, No. 4:25-CV-3179, No. 4:25-CV-2133, No. 4:25-CV-2134, No. 4:25-CV-2687, No. 4:25-CV-318, No. 4:25-CV-990, No. 4:25-CV-1342, No. 4:25-CV-5459, No. 4:25-CV-1493, No. 4:26-CV-1232. This Court and the Bankruptcy Court are well-versed in the intricate facts surrounding the litigation. *See In re MMA*

*Law Firm, PLLC*, No. 24-BK-31596 (S.D. Tex. Bankr.) (listing over 1379 docket entries since April 2024). Under § 1412, the venue statute that has been tailored to bankruptcy proceedings like this one, "promot[ing] the efficient administration of the bankruptcy estate" is among the most important of factors. *Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No. H-08-1815, 2008 WL 4330897, at *9 (S.D. Tex. Sep. 18, 2008). "Allowing the bankruptcy court to adjudicate the core claims involved in this case, as well as the other related claims, promotes the efficient administration of the bankruptcy estate." *Id.* Separating this litigation from the center of the bankruptcy proceedings would likely cause confusion among litigants, waste valuable judicial resources, and create a danger of inconsistent rulings across multiple judicial districts. The proposed separation would certainly hinder the efficient administration of the bankruptcy estate in this District. The Court finds that this factor weighs heavily in favor of denying the Motion to Transfer and finds that the "interest of justice" requires this litigation to remain in this District.[1]

## B. Motion to Refer Pre-Trial Matters to Judge Rodriguez

MMA requests this Court to refer all pre-trial matters to Judge Rodriguez. Laborde Earles opposes this reference and argues that this Court granted a complete withdrawal of the reference when it adopted the Report and Recommendation from Judge Rodriguez. (Doc. Nos. 1, 3). Nevertheless, considering the global state of the MMA-related litigation, the Court finds that referring all pre-trial matters to Judge Rodriguez would result in the expeditious preparation of this case for trial.

---

[1] This ruling is consistent with a previous determination by this Court. In a related matter, this Court affirmed the Bankruptcy Court's denial of a similar Motion to Transfer. *See* (No. 4:24-CV-4343, Doc. No. 11).

6

### III.     Conclusion

For the foregoing reasons, Laborde Earles' Motion to Transfer Venue (Doc. No. 7) is **DENIED.** MMA's Motion to Refer Pre-Trial Matters (Doc. No. 11) is **GRANTED.** This case is hereby **REFERRED** to Chief Bankruptcy Judge Rodriguez for the resolution of all pre-trial matters.

It is so ordered.

Signed on this the _____ day of March 2026.

Andrew S. Hanen
United States District Judge