United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 26-3107** |
| | § | |
| **THE MONSON LAW FIRM, LLC,** | § | |
| **MATTHEW MONSON, KATHERINE** | § | |
| **MONSON, ALLIED TRUST INSURANCE** | § | |
| **COMPANY, JAMES J. DONELON, III, and** | § | |
| **JAMES DAVID CALDWELL, JR.,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**
**Resolving ECF No. 34**

This matter comes before the Court on the Joint Motion to Transfer Venue to the United States Bankruptcy Court or District Court of the Eastern District of Louisiana (the "*Motion*"), Dkt. No. 34,  filed by Matthew Monson, The Monson Law Firm, LLC, Katherine Monson (collectively, the "*Monson Defendants*"), and Allied Trust Insurance Company ("*Allied*"). MMA Law Firm, PLLC ("*MMA*") filed a Response in opposition to the Motion. Dkt. No. 34. Monson Defendants and Allied filed a Reply. Dkt No. 39. The Monson Defendants and Allied seek transfer of this adversary proceeding under 28 U.S.C. § 1404(a) and, alternatively, under 28 U.S.C. § 1412, arguing that the Eastern District of Louisiana (the "*EDLA*") is a more convenient and appropriate forum.

MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 9, 2024.[1] MMA is a Texas professional limited liability company with its principal place of business in Houston. MMA is represented by Texas counsel who are not licensed in Louisiana. Dkt. No. 35, ¶ 10. On April 29, 2026, MMA filed an Amended Complaint in this adversary proceeding against the Defendants, asserting federal claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, 42 U.S.C. § 1983, and state law claims for tortious interference with existing contracts, tortious interference with prospective business relations, abuse of process, business disparagement, defamation, and civil conspiracy. Dkt. No. 7. The Amended Complaint seeks actual and punitive damages, treble damages under RICO, and recovery of attorneys' fees and costs. MMA alleges that Defendants engaged in a coordinated, multi-year campaign to destroy MMA through fraud, obstruction, coordinated interference with contracts, abuse of regulatory and disciplinary processes, ex parte communications with sitting federal judges, dissemination of confidential and stolen materials, and sustained public disparagement. *Id.*

Two years ago, this Court applied the interest of justice and convenience factors to a motion seeking transfer of an MMA adversary proceeding to the Eastern District of Louisiana and denied it. The factors have not changed. What has changed is that the movants are now asking this Court to send the case to a district whose judicial officers they have identified as their own witnesses, and they have done so without addressing remote attendance and without demonstrating the necessity of a single witness. Accordingly, and without the need of a hearing, the Monson

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C., initiating the bankruptcy case. "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 24-31596.  Entries made in Plaintiff's Case number 26-3107 shall take the format of ECF No. __.

Defendants and Allied Trust Insurance Company's Joint Motion to Transfer Venue to the United States Bankruptcy Court or District Court of the Eastern District of Louisiana is **DENIED**.

**SIGNED Tuesday, August 4, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**