**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | CASE NO. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC, | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MATTHEW MONSON, THE MONSON LAW FIRM, LLC, KATHERINE MONSON, ALLIED TRUST INSURANCE COMPANY, JAMES J. DONELON III, AND JAMES DAVID CALDWELL JR., | § | ADVERSARY NO. 26-03107 |
| | § | |
| | § | TRIAL BY JURY DEMANDED |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S EMERGENCY MOTION TO STRIKE THE MOTIONS TO DISMISS OF KATHERINE MONSON, MATTHEW MONSON, AND THE MONSON LAW FIRM, LLC FOR EXCEEDING THE PAGE LIMIT WITHOUT LEAVE AND FOR IMPROPER INCORPORATION BY REFERENCE, AND FOR RELATED RELIEF**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**Emergency relief is requested not later than September 21, 2026.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC (**"MMA"** or **"Plaintiff"**), files this *Emergency Motion to Strike the Motions to Dismiss of Katherine Monson, Matthew Monson, and the Monson Law Firm, LLC for Exceeding the Page Limit Without Leave and for Improper Incorporation by Reference, and for Related Relief* (the **"Motion"**), and respectfully shows as follows:

## SUMMARY OF FACTS AND RELIEF REQUESTED

The issue before the Court arises from the Defendants' failure to comply with the Federal Rules of Civil Procedure and follow this Court's rules. Katherine Monson did not seek leave to exceed this Court's twenty-page limit before filing her Motion to Dismiss the Second Amended Complaint. To the contrary, on September 2, 2026, her counsel affirmatively represented to the Court that Ms. Monson was not seeking such relief. That same day, however, Ms. Monson filed a twenty-page Motion to Dismiss that adopted, in its entirety, the fifty-page motion to dismiss filed by Matthew Monson and the Monson Law Firm.

Matthew Monson and the Monson Law Firm filed that fifty-page motion to dismiss before the Court granted leave to do so, and it adopts Katherine Monson's brief in turn, even though their own motion for leave told the Court the request did not concern her. This wholesale incorporation is not merely excessive; it is unworkable. Ms. Monson incorporates her co-defendants arguments on a wholesale basis, provides no page or section references identifying the arguments she intends to adopt, and, with respect to Rule 9(b), relies on a brief that in turn points back to her own brief. The result is a circular and procedurally improper presentation that leaves MMA and the Court to determine which arguments Ms. Monson actually intends to assert.

Monson and TMLF waited until the day the Motion to Dismiss was due to file their motion to exceed page limits and did not seek expedited relief. MMA agreed not to oppose additional pages for Matthew Monson and TMLF, however, MMA did not agree (nor could it) that they could file before leave was granted or adopt another defendant's brief, and no motion asked the Court for that relief.

As discussed in greater detail below, Rule 10(c) permits incorporation by reference only in pleadings, not motions, and even if applicable, incorporation must be specific and clear. Here, Katherine Monson wholesale-adopts Monson's Motion to Dismiss, creating circular arguments and effectively circumventing the applicable page limit. The resulting filings violate this Court's Procedures and obstruct the effective conduct of the Court's business without just cause. Under the Court's Procedures, non-compliant pleadings may be stricken. MMA asks the Court to strike both motions to dismiss and order the defendants to file answers to the Second Amended Complaint within 14 days.

## <u>RELEVANT BACKGROUND FACTS</u>

1. On July 4, 2026, MMA filed its Second Amended Complaint (the **"SAC"**). ECF No. 28.

2. Pursuant to an Agreed Order, Matthew Monson, Katherine Monson, and The Monson Law Firm, LLC (**"TMLF"**) were required to file responsive pleadings to the SAC no later than September 2, 2026. (Exhibit A)

3. Section VI.e.1 of the Court Procedures provides that "[b]riefs and memoranda shall not exceed 20 pages, exclusive of a signature page and certificate of service, except upon leave of court for good cause shown." Exhibits shall be limited to those to which reference is made in the brief. *Id.*

**MONSON AND MONSON LAW FIRM'S REQUEST TO EXCEED PAGE LIMIT**

4. On August 27, 2026, counsel for Matthew Monson and TMLF (collectively, the **"Monson Defendants"**) contacted the undersigned and requested an agreement allowing them to exceed the twenty-page limit for their anticipated motion to dismiss the SAC. Although the SAC had been on file since July 4, the Monson Defendants waited until five days before their responsive pleading was due to seek the agreement. MMA did not oppose the request.

5. The Monson Defendants nevertheless waited until September 2, 2026, the day their responsive pleading was due, to file their Unopposed Motion for Leave to Exceed Page Limit (the **"Monson Motion to Exceed"**). (Exhibit B)

6. The Monson Motion to Exceed sought leave to file a brief fifty pages beyond the Court's twenty-page limit. The proposed order attached to the motion would permit "a pleading, not to exceed 70 pages, in response to the Second Amended Complaint." (Exhibit C)

7. Critically, Katherine Monson was **not** a party to the Monson Motion to Exceed. Indeed, the motion expressly stated:

> "For the avoidance of doubt, this motion does not concern Katherine Monson. She will be filing a separate responsive pleading that does not exceed the Court's page limitation because the factual and legal allegations against her are different." (Exhibit B – Paragraph 9)

**KATHERINE MONSON'S MOTION TO DISMISS**

8. On September 2, 2026, the same day the Monson Motion to Exceed was filed, Katherine Monson, filed her Motion to Dismiss and supporting Brief (collectively the **"Katherine Monson MTD"**). (Exhibit D and Exhibit E)

9. Despite the express representation in the Monson Motion to Exceed that Katherine Monson did not seek leave to exceed the Court's page limit, her MTD purports to incorporate the fifty-page Monson MTD by reference, stating: "Mrs. Monson adopts and incorporates Mr. Monson and TMLF's Motion to dismiss, including its argument that MMA failed to plead RICO predicate acts with particularity as if copied herein in extenso." (Exhibit E at 11.) The incorporation identifies no docket number, section, page, or specific argument, other than a general reference to the Rule 9(b) particularity argument.

10. Ryan J. Richmond of Sternberg, Naccari & White, LLC signed the Monson Motion to Exceed. Mr. Richmond and that same firm also represent Katherine Monson and signed her Motion to Dismiss and Brief. Thus, Katherine Monson's counsel expressly represented to the Court that the request to exceed the page limit did not concern her, while filing her separate motion and brief on the same day.

11. The docket contains no motion filed by Katherine Monson seeking leave to exceed the Court's twenty-page limit.

**MATTHEW MONSON AND THE MONSON LAW FIRM'S MOTION TO DISMISS**

12. On September 2, 2026, without obtaining an order on the Monson Motion to Exceed and without seeking expedited or emergency consideration, Matthew Monson and TMLF filed their Motion to Dismiss (the **"Monson MTD"**). (Exhibit F)

13. The Monson MTD is fifty-pages long, including eight pages of tables.

14. Like the Katherine Monson MTD, the Monson MTD purports to adopt Katherine Monson's entire Brief, stating:

> "Contemporaneous with this filing, Katherine Monson is filing a Motion to Dismiss the claims against her (Doc. 44, 45) and the Monson Defendants incorporate by

reference the arguments from that motion as if restated herein, in extenso." (Exhibit F – Footnote 1)

15. Furthermore, footnote 10 of the Monson MTD separately adopts Katherine Monson's Noerr-Pennington argument "as if stated herein."

16. And, in addressing Rule 9(b) particularity, the Monson MTD asserts that "neither the claims against the Monson Defendants nor the claims against Katherine Monson, **discussed fully in a separate brief**, meet the heightened pleading standard…"

17. The result is a circular incorporation by reference: Katherine Monson incorporates the Monson Defendants' fifty-page memorandum, while the Monson Defendants incorporate Katherine Monson's Brief. Neither filing clearly identifies which arguments are actually asserted by or applicable to Katherine Monson.

18. MMA's responses to the Monson MTD and the Katherine Monson MTD are currently due September 23, 2026.

## ARGUMENTS

### KATHERINE MONSON'S MEMORANDUM EXCEEDS THE PAGE LIMIT WITHOUT LEAVE.

19. The twenty-page limit applies to every brief absent leave. Katherine Monson sought none, and her counsel assured the Court that her brief would not exceed the limit. Her Brief is nineteen pages on its face, and the motion to dismiss is three pages, but it adopts all of arguments contained in the Monson Motion to Dismiss, which is fifty pages long.

### MATTHEW MONSON AND TMLF FILED BEFORE LEAVE WAS GRANTED, AND THE LEAVE THEY REQUESTED DOES NOT EXTEND TO ADOPTING ANOTHER PARTY'S BRIEF.

20. Matthew Monson and TMLF filed their fifty-page motion to dismiss before the Court granted leave, and the Motion to Exceed remains pending.

21. No order therefore authorizes the length of their brief or defines what it may contain. The Motion to Exceed never asked this Court for authority to adopt another party's brief.

22. MMA never consented that Monson and TMLF could file a motion to dismiss which imports the arguments of the very party the motion excluded. Furthermore, MMA did not and cannot agree to relief that modifies this Court's rules and orders.

**FEDERAL RULE OF CIVIL PROCEDURE 10(C) DOES NOT APPLY TO MOTIONS**

23. Federal Rule of Civil Procedure 10(c), made applicable by Federal Rule of Bankruptcy Procedure 7010, permits adoption by reference of a statement in a "**pleading.**"

24. A motion is not a pleading. *Yankton v. Epps*, 652 F. App'x 242, 247 (5th Cir. 2016).

25. Rule 7(a) enumerates the pleadings permitted in federal court, and motions are not included. Fed. R. Civ. P. 7(a). "In other words, Rule 7 embraces "pleadings" as a term of art, to include only a complaint, an answer, and if the court order one, a reply to an answer. Motions, responses and replies are not pleadings." *Parria v. Cvitanovich, et al.,* No. 23-3663, 2025 U.S.Dist. LEXIS 191176, 2025 WL 2756678 (E.D.La Sept.29, 2025)(citing *Yankton v. Epps*, 652 F. App'x 242, 247 (5th Cir. 2016).

26. Therefore, the incorporation between Monson's Motion to Dismiss and Katherine Monson's Motion to Dismiss are impermissible.

**WHOLESALE INCORPORATIONS ARE NOT ALLOWED**

27. Even if this Court were to determine that Rule 10(c) applies to motion to dismiss, incorporation must be done with "a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation. *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1176 (5th Cir. 2006)(citing *Wolfe v. Charter Forest Behavioral Health Sys., Inc.* 185 F.R.D. 225, 228-29 (W.D. La. 1999); see also 5 CHARLES ALLAN

WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE: Civil 2d § 1326 ("[R]eferences to prior allegations must be direct and explicit in order to enable the responding party to ascertain the nature and extent of the incorporation."); *Kolling v. Am. Pwer Conversion Corp.*, 347 F. 3d 11, 17 (1st cir. 2003); *Heintz & Co. v. Provident Tradesmens Bank & Trust Co.*, 29 F.R.D. 144 (E.D. Pa. 1961).

28. Furthermore, courts in this Circuit have refused a codefendant's wholesale adoption of another defendant's motion arguments. *WeInfuse, LLC v. InfuseFlow, LLC*, No. 3:20-CV-1050-L (N.D. Tex. Mar. 26, 2021)("The court does not believe that Rule 10 (c) is designed to allow a party to adopt wholesale another party's briefs and arguments to support the dismissal of claims without explaining sufficiently why the other party's argument and defenses equally apply to it.")

29. Here, Katherine Monson adopts every argument in the Monson MTD. Both motions are circular: on Rule 9(b) particularity, Katherine Monson's Brief defers to Monson's MTD, while Monson's MTD defers back to Katherine Monson's and neither motion applies Rule 9(b) to the predicate acts alleged. MMA and the Court must reconstruct each defendant's position from two filings, and on reply any defendant may claim that an argument appearing only in a codefendant's brief was preserved by adoption.

**<u>THE NONCOMPLIANCE IS WITHOUT JUST CAUSE AND OBSTRUCTS THE EFFECTIVE CONDUCT OF THE COURT'S BUSINESS.</u>**

30. Enforcement of the local rules by striking non-complying filings is a matter within the Court's discretion. *Irwin v. Mobile Kennel Club, Inc.,* No. 1:17cv140-LG-RHW, 2019 U.S. Dist. LEXIS 22316 (S.D. Miss. Feb. 12, 2019) (citing *United States v. Rios-Espinoza*, 591 F.3d 758, 760 (5th Cir. 2009)).

31. The Court may strike a paper when noncompliance with its procedures has, "without just cause, obstructed the effective conduct of the business of the court." Court Procedures § XI. Both elements are present.

32. There is no just cause. The same counsel filed all three documents on the same day. Counsel sought leave for Matthew Monson and TMLF, represented that Katherine Monson's brief would stay within the limit because the claims against her are different, filed the Monson Motion to Dismiss before leave was granted, and then combined the two briefs by mutual adoption.

33. A party cannot represent compliance to the Court while using incorporation to obtain the very extension it disclaimed. Furthermore, Monson is a licensed attorney and TMLF is a law firm.

34. Katherine Monson's Motion to Dismiss violates this Court's rules regarding page requirements. Her counsel was aware of this rule as it specifically stated that they are not seeking relief on her behalf. This was a knowing admission.

35. In summary, the adoptions contained in the Monson MTD and Katherine Monson's MTD obstruct the Court's business. As described above, they are untailored, nonspecific, and circular, requiring MMA and the Court to reconstruct each Defendant's position from two separate filings. Moreover, on reply, either Defendant may attempt to claim that an argument appearing only in the other Defendant's brief was preserved through adoption. This leaves both the Court and MMA uncertain as to which arguments each Defendant actually asserts and prevents the issues from being presented in a clear and orderly manner.

## RELIEF REQUESTED

36. The Court's procedures provide that noncompliance may result in all or part of a pleading or other paper being stricken. Court Procedures § XI. The Court also possesses inherent authority to manage its docket to achieve the orderly and efficient resolution of the matters before it. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *see also* 11 U.S.C. § 105(a).

37. MMA does not seek monetary sanctions.

**EMERGENCY RELIEF REQUESTED**

38. Emergency relief is needed not later than Monday, September 21, 2026. MMA's responses to the Monson MTD and Katherine Monson's MTD are due Wednesday, September 23, 2026. A ruling by September 21 is the latest date that allows MMA a meaningful opportunity to comply with whatever the Court orders. If the Court strikes the motions, a ruling by that date spares MMA from completing responses to briefs and the Court from reviewing them. If the Court denies the Motion, MMA will need the remaining two days to prepare its responses.

Dated: September 16, 2026

Respectfully submitted,

*/s/ Miriam T. Goott*
Miriam T. Goott
Texas Bar No. 24048846
mgoott@walkerandpatterson.com
P.O. Box 61301
Houston, Texas 77208
Telephone: 713.956.5577
Facsimile: 713.956.5570

COUNSEL FOR ALLISON D. BYMAN,
PLAN ADMINISTRATOR FOR MMA LAW
FIRM, PLLC

**CERTIFICATE OF ACCURACY**

I certify that the facts stated in this Motion regarding the need for emergency relief are true and accurate to the best of my knowledge, information, and belief.

*/s/ Miriam T. Goott*
Miriam T. Goott

**CERTIFICATE OF CONFERENCE**

I certify that on September 16, 2026, I spoke to Ms. Montero regarding the relief requested in this Motion and she opposes the relief requested.

*/s/ Miriam T. Goott*
Miriam T. Goott

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this adversary proceeding, including the following counsel:

Ryan J. Richmond, M. Suzanne Montero, Graham H. Williams, and Johnston Burkhardt, Sternberg, Naccari & White, LLC (counsel for Matthew Monson, The Monson Law Firm, LLC, and Katherine Monson): ryan@snw.law; suzy@snw.law; graham@snw.law; johnston@snw.law

*/s/ Miriam T. Goott*
Miriam T. Goott