**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**MMA LAW FIRM, PLLC**<br>**(Debtor)**<br><br>**MMA LAW FIRM, PLLC**<br><br>**v.**<br><br>**MATTHEW MONSON, THE MONSON LAW FIRM, LLC, KATHERINE MONSON, AND ALLIED TRUST INSURANCE COMPANY** | **CASE NO.: 24-31596**<br><br>**ADVERSARY NO.: 26-03107**<br><br>**7TH AMENDMENT RIGHT TO TRIAL BY JURY DEMANDED** |

**MONSON DEFENDANTS' EMERGENCY MOTION TO STRIKE MMA'S FIRST AMENDED COMMPLAINT AND ALL EXHIBITS THERETO ( ECF 7, 7-1 THROUGH 7-63) AND SECOND AMENDED COMPLAINT AND ALL EXHIBITS THERETO (ECF 28, 28-1 through 28-74)**

---

**THE MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**Emergency Relief is requested not later than September 21, 2026**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**NOW COME** Defendants, Katherine Monson, Matthew Monson, The Monson Law Firm. LLC, who file this *Emergency Motion to Strike MMA Law Firm, PLLC's ("MMA") First Amended Complaint along with all exhibits thereto (ECF 7, 7-1 through 7-63) and Second Amended Complaint along with all exhibits thereto (ECF 28, 28-1 through 28-74).*

**Summary of Relief Requested**

On July 4, 2026, MMA filed a 176-page Second Amended Complaint, ostensibly amending its 144-page First Amended Complaint, which ostensibly amended its 49-page Original Complaint. These amendments were not ordinary clean-up amendments, and they were filed before any discovery had been conducted in this adversarial proceeding. The Second Amended Complaint added new parties and expanded claims.

On June 12, 2026, counsel for MMA provided a draft of the "update amended complaint" and sought Movers' consent to file. (Ex. 1 – Email with Draft Second Amended Complaint; Ex. 2 – Draft of Second Amended Complaint) On June 14, 2026, undersigned emailed counsel for MMA and noted that there was no objection to the filing of the draft Second Amending Complaint. (Ex. 3 – Email noting no objection). Thereafter, on July 4, 2026, MMA filed its Second Amending Complaint that is not identical to the draft it circulated on June 12, 2026.

On September 16, 2026, MMA filed a Motion to Strike the Monson Defendants' 12(b)(6) Motions. If this court were to be so inclined to entertain such a motion, Movers would be required to file an answer to an amended pleading without the benefit of being able to discern the amendments through from the genesis of this adversarial action. It is not Movers' obligation to comb through MMA's pleadings to determine the amendments. That is the reason for the rule. MMA's failure to comply with local rule VI(d) puts Movers at a vast disadvantage additional time,

resources and effort will have to be dedicated to ferreting out the difference between the Amending Complaints and the Draft Second Amended Complaint circulated.

1. Judge Rodriguez's rules available on the court's website provides that "Practice in this Court will be governed by the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("*Local Rules*" or "*BLR*"), and these Court Procedures. All parties appearing before the Court are charged with responsibility for compliance with applicable rules. (Ex. 4 - Judge Rodriguez Rules – I)
2. BLR 1009-1 requires amended petitions and their supporting documents to contain "marks" denoting the content that has changed. (Ex. 5- Local Bankruptcy Rules)
3. Judge Rodriguez's rules expand the mandate of BLR-1009 and provide "[T]hat this "mark" be in the form of redline—a single red underline denoting the amended portion—on not only petitions and their supporting documents, but as to all amended pleadings, proposed orders, documents, and briefs. The marked amended document must be filed as an attachment to the unmarked version of the amended document. Failure to adhere to this procedure may be cause for the Court to strike the amended document(s). (Ex. 4 – Judge Rodriguez's Rules – VI (d))
4. On April 8, 2026, MMA filed its Complaint in this matter along with thirty-five exhibits. (Ex. 6 – ECF 1, 1-1 through 1-35)
5. On April 29, 2026, MMA filed is First Amended Complaint along with sixty three exhibits. (Ex. 7 – ECF 7, 7-1 through 7-63)
6. MMA's First Amended Complaint did not conform with Judge Rodriguez's Rules – VI (d) in that it was not filed with the requisite redlined document.
7. On July 4, 2026, MMA filed is Second Amended Complaint along with seventy-four exhibits. (Ex. 8 – ECF 28, 28-1 through 28-74)

8. MMA's Second Amended Complaint did not conform with Judge Rodriguez's Rules – VI (d) in that it was not filed with the requisite redlined document.

9. The failure of MMA to conform with 'the redline rule' is not a matter of form over substance. The Original Complaint is composed of 49 pages and 455 pages of exhibits. The First Amended Complaint is composed of 144 pages along with over 1000 pages of exhibits. The Second Amended Complaint is 176 pages long along with over 1000 pages of exhibits.

10. If Movers are required to file an answer to the Second Amended Complaint, countless hours will be required to ferret out all substantive changes between the original Complaint, the First Amended Complaint, and now the operative Second Amended Complaint.

11. While the rule does not specifically state the rational for the requirement that a party file the red-lined version, the logic is obvious – to allow the court and other parties to be able to identify the amendments made without the need to comb through – now three – separate filings to identify the amendments.

12. This court has exercised its discretion to strike non-conforming pleadings on two separate occasions during the pendency of this adversarial proceeding. (ECF 53 – Order Striking Allied Insurance Company's Motion to Dismiss for failure to include a proposed order; and ECF 68 – Order Striking MMA's Witness & Exhibit List)

**<u>Relief Requested</u>**

13. This Honorable Court should exercise it discretion and, pursuant to Judge Rodriguez's Rules VI(d), strike MMA's First Amended Complaint along with all exhibits thereto (ECF 7, 7-1 through 7-63) and Second Amended Complaint along with all exhibits thereto (ECF 28, 28-1 through 28-74).

14. Emergency relief is needed not later than Monday, September 21, 2026 as MMA has filed a motion to strike Movers' 12(b)(6) Motions to Dismiss and if this court were to grant same, it would implicate Movers' being required to file an answer and would prejudice Movers.

Dated: September 16, 2026

**STERNBERG, NACCARI & WHITE, LLC**

By: ***/s/ M. Suzanne Montero***
M. Suzanne Montero (La. Bar No. 21361)[1]
Graham H. Williams (La. Bar No. 36731)[2]
Johnston Burkhardt (La. Bar No. 38687)[3]
935 Gravier Street, Suite 1800
New Orleans, LA 70112
Tel.: (504) 308-1395
Fax: (504) 534-8961
suzy@snw.law
graham@snw.law
johnston@snw.law

And

Ryan J. Richmond (TXBN 24086224)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801
Tel.: (225) 412-3667
Fax: (225) 286-3046
ryan@snw.law

*Attorney for the Monson Defendants*

[1] Pro hac vice application granted in case no. 25-31596. (Bkr. Dkt. 1300)

[2] Pro hac vice motion in progress.

[3] Pro hac vice motion in progress.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing reply was served on:

1. Miriam Goott (mgoott@walkerandpatterson.com);
2. Johnie J. Patterson, II (jjp@walkerandpatterson.com); and
3. David Keith Isaak (disaak@steptoe.com);
4. Shaundra Schudmake (schudmak@lawla.com);
5. Allison Standish Miller (amiller@steptoe.com); and
6. Ryan Richmons (ryan@snw.law),

by electronic mail on Wednesday, September 16, 2026.

By: /s/ *M. Suzanne Montero*

**CERTIFICATE OF CONFERENCE**

I certify that on September 16, 2026, I emailed to Ms. Goott regarding the relief requested in this Motion and she opposes the relief requested. Ms. Goott advised that she could not confer at this time and suggested an alternative time. Undersigned counsel is traveling tomorrow through Monday and will be unavailable until she returns to New Orleans. The Emergent nature of this pleading could not wait until Tuesday for a response.

By: /s/ *M. Suzanne Montero*

**CERTIFICATE OF SERVICE**

I certify that on Wednesday, September 16, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

By: /s/ *M. Suzanne Montero*